## 35180. CARTER v. THE STATE.

JORDAN, Justice.

Appellant Will McLenin Carter was tried and convicted of the murder of Gerald Gene Bragg and sentenced to life imprisonment. This is his appeal.

Appellant had been drinking and shooting pool one

evening at Mickey's Place, a bar in Columbus, Georgia. Bragg was also there drinking and shooting pool. After threatening appellant at least twice and otherwise causing disturbance in the bar, Bragg was asked to leave by the owner of Mickey's Place. Bragg went out into the parking lot with other friends but never left the premises. Meanwhile, appellant called an employee of his and asked him to bring him a gun which appellant owned. Mickey Whitley, the bar's owner, testified that she called the police, but that they never came.

Finally, appellant, carrying his gun, accompanied another man to the parking lot. Bragg followed the other man to his car, but he made it safely into his car and locked the door. There was testimony that Bragg had claimed to have a knife earlier in the evening. Then Bragg advanced toward the appellant. There was testimony that Bragg was shirtless with his hands out by his side. As he moved closer toward the appellant, appellant shot him once in the chest killing him. Appellant remained on the scene until the police arrived and arrested him.

Appellant never denied shooting Bragg, but claimed that he had done so in self-defense. His first trial was declared a mistrial due to a hung jury. He enumerates some five errors allegedly committed at his second trial which resulted in his conviction.

1. Appellant complains that two photographs of the victim were erroneously allowed into evidence despite the fact that they had no probative value since he had admitted the shooting and the cause of the victim's death was undisputed, and that they only served to inflame the jury. The state argues, on the other hand, that the angle of the bullet as it entered the body was important for the jury to see since it would refute appellant's argument that the victim was attacking him when he claimed he fired in self-defense. The law in Georgia is well-settled that photographs which are relevant and material to issues in a case are admissible and not excludable on the ground that they would inflame the minds of the jury. *Stevens v. State,* 242 Ga. 34, 38 (247 SE2d 838) (1978). Appellant cites *Holcomb v. State,* 130 Ga. App. 154 (202 SE2d 529) (1973), as authority for exclusion of photographs where the cause of death is not in dispute. This court has

specifically disapproved of this dicta from *Holcomb* and has said that we "agree with the state that a criminal defendant has no right to prevent the jury from seeing the crime scene and the victims' injuries." *Godfrey v. State,* 243 Ga. 302, 304 (253 SE2d 710) (1979). This enumeration of error has no merit.

2. Mickey Whitley was a key witness for the appellant. She testified concerning the victim's behavior in her bar the evening he was killed, about his threatening the appellant and finally about her having to ask him to leave. During cross examination, the district attorney attempted to impeach Ms. Whitley by repeating a statement in front of the jury made to him by Donald Pate, the man who brought the appellant's gun to him the night of the shooting. Ms. Whitley had allegedly said to Pate that she wished he had not brought appellant the gun because appellant was intent on killing Bragg before the night ended. The district attorney proposed reading this statement to Ms. Whitley and asking her if she made it. If she had denied making it, he intended recalling Pate and asking him if she had, in fact, made it.

Appellant objected when the district attorney began reading the statement to Ms. Whitley contending that the statement amounted to triple hearsay. The trial judge, after some discussion in the presence of the jury, informed the district attorney that he could show Ms. Whitley the statement and ask her if she made it, but that he could not read the statement to the jury and have them assume Pate made it until the district attorney had directly asked Pate if he had made the statement in the first place. As the transcript reads, the next words out of the district attorney's mouth were, "Do you remember having told anybody that you wished the gun hadn't been brought out there because the defendant told you that he was going to kill the son of a bitch before the night was over?" A discussion ensued between the trial judge, the defense attorney and the district attorney which resulted in the district attorney's convincing the trial judge that this was the proper way to lay the foundation for Ms. Whitley's impeachment. Ms. Whitley denied making the statement and the state recalled Pate who confirmed that he had told the district attorney that she had said that to him.

Appellant now contends that the improper admission into evidence of this statement represented the difference between his mistrial after the first trial and his conviction after the second trial.

Code Ann. § 38-1803 states that before "contradictory statements may be proved against [the witness] . . . the time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible; and if in writing, the same shall be shown to him, *or read in his hearing* . . ." (Emphasis supplied.) McCormick indicates the procedure for laying the foundation for impeachment by prior inconsistent statements to be as follows: "[T]he cross-examiner will ask the witness whether he made the alleged statement, giving its substance, and naming the time, the place, and the person to whom made . . . If the witness denies the making of the statement, or fails to admit it, . . . then the requirement of 'laying the foundation' is satisfied and the cross-examiner, at his next stage of giving evidence, may prove the making of the alleged statement." McCormick on Evidence 72, § 37 (2d Ed.) (1972). Since we find this procedure to be the proper one and find that it was followed in this case, we find no merit to this enumeration of error.

3. Appellant contends the trial court erred in failing to instruct the jury that Pate's statement discussed in Division 2, supra, was to be considered only for purposes of impeaching Ms. Whitley and not for any truth contained in the statement. However, we have held on several occasions that a failure to charge the jury on the law of impeaching the credibility of a witness is not harmful error as a matter of law, especially where the defendant, as in this case, had not requested such a charge at trial. *Hall v. State,* 241 Ga. 252 (244 SE2d 833) (1978). Assuming without deciding that it was error for the trial judge not to charge on impeachment despite the appellant's failure to request him to, we note that a discussion of some length was held in the presence of the jury between the district attorney, the defense attorney and the court in which the district attorney repeatedly asserted that he was not offering Pate's statement for its own truth but for the purpose of impeaching the

credibility of the witness. The jury could have appreciated this statement by the state as well as they could a charge given to them by the court, and if any error existed, we hold that it was harmless. Authority cited by appellant to the contrary applies to a much different set of facts than the one we face here, and this enumeration of error is deemed to be without merit.

4. Appellant complains that the trial court's charge to the jury on reasonable doubt did not adequately explain that concept to them. He submits that he requested other charges explaining the concept more clearly to the jury and suggesting examples in which they might find a reasonable doubt. We have carefully reviewed the trial court's charge on reasonable doubt and find that it adequately explained what a reasonable doubt was and when they might be authorized to find that one existed. "It is not necessary to charge the jury in the exact language of requests to charge where . . . the applicable principles are fairly given to the jury in the general charge of the court. [Cit.]" *Adams v. State,* 242 Ga. 239, 240 (248 SE2d 638) (1978). This enumeration of error is without merit.

5. The evidence presented at the trial of this case was sufficient to convince a rational trier of fact of the guilt of the appellant beyond a reasonable doubt. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Hill, Bowles and Marshall, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED DECEMBER 5, 1979.

*Weyman E. Cannington, Jr.,* for appellant.

*William J. Smith, District Attorney, Richard C. Hagler, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General,* for appellee.