## 64118. WHITE v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for burglary. *Held:*

1. The defendant's first enumeration of error is that the Court erred "in requiring defendant's Fifth Amendment privilege which he took during a questioning by police to be asserted before the jury." The record does not sustain the defendant's contention that he was required to assert his privilege in the presence of the jury. Instead, an examination of the transcript reveals that the defendant objected, after which a bench conference ensued out of the hearing of the jury, at which time the trial judge granted the defendant's motion that there be no more testimony about the subject in question.

2. During the course of the trial, the State introduced into evidence, over the objection of the defendant, a transcript of a tape recording of the defendant's statement made to police officers. The statement in question contained inculpatory testimony in that the defendant admitted that he broke into the office he was charged with burglarizing, and attempted to take therefrom certain stereo equipment.

At the time the transcript of the tape recording was proffered, the defendant objected on the grounds that the proper foundation for the admission of such evidence had not been laid. The defendant, in urging the objection, set forth the seven requirements necessary to establish the proper foundation, as described in *Steve M. Solomon, Inc. v. Edgar,* 92 Ga. App. 207, 211 (3) (88 SE2d 167). See also *Estes v.*

*State,* 232 Ga. 703, 709 (208 SE2d 806); *Dick v. State,* 246 Ga. 697, 705 (273 SE2d 124). The State then adduced additional testimony so as to lay the foundation for the admission of the evidence, and the defendant at that point renewed the objection to the admission of the evidence. The objection was overruled and now forms the basis for the defendant's second enumeration of error.

Among the requirements for laying a proper foundation found in *Steve M. Solomon, Inc. v. Edgar,* 92 Ga. App. 207, supra, is the requirement that the State show "the manner of preservation of the record." This is now the sole basis upon which the defendant contends that the evidence was inadmissible. It is argued that there is no evidence showing the manner of preservation of the record. The officer who interviewed the defendant stated that he was experienced in the use of the tape recorder which was utilized to record the defendant's statement; that he had used it more than 100 times, that it was reliable, that he had subsequently listened to the tape, that he had checked the transcript of the tape against the tape itself, and had required a secretary to re-examine it, to ensure that there were no deletions or additions made on the tape, and that any changes in the transcript, vis-a-vis the tape were only made after re-examination, both by him and the transcriber, in order to ensure that the transcript accurately reflected what was on the tape. The speakers on the tape were identified, and there was evidence that the testimony elicited was freely and voluntarily given.

In answer to a question by counsel for the defendant as to where the tape recording was (at the time of the trial), the witness for the State responded: "locked up in my desk drawer." There was no testimony as to where the tape was kept or how it was preserved from the time of the original taping up until the trial. On a technical basis, the State has failed to show the manner of preservation of the record. However, in a case such as this where the transcript of the tape rather than the tape itself is introduced into evidence, and there is nothing to show that there were any changes made from the original tape, it would appear that this situation is similar to other "chain of custody" problems. Cases having to do with the preservation of other real evidence have pointed out that the mere possibility of tampering is not enough. *Patterson v. State,* 224 Ga. 197 (2) (160 SE2d 815). Instead, the rule is applicable: " '(t)he burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. (Cit.)' *Johnson v. State,* 143 Ga. App. 169, 170 (237 SE2d 681). Moreover, 'it is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a

bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. (Cits.)' *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174)." *Toole v. State,* 146 Ga. App. 305, 308 (10) (246 SE2d 338). See *Carter v. State,* 146 Ga. App. 322 (6) (246 SE2d 378).

In the case sub judice, we find that the foundation established by the State was sufficient to meet the spirit of the rule, if not the very precise requirements, set forth for cases involving introduction of statements made on mechanical transcription devices. See *Brooks v. State,* 141 Ga. App. 725, 736 (8c) (234 SE2d 541). The second enumeration of error is without merit.

3. Counsel for the defendant requested that the following instruction be given to the jury: "To warrant a conviction on fingerprint evidence the fingerprint [sic] corresponding to those of the accused must have been found in the place where the crime was committed under such circumstances, that they could only have been impressed at the time when the crime was committed."

The defendant objected to the trial court's refusal to give such request to charge, and assigned error in this Court to such refusal.

In *Pope v. State,* 157 Ga. App. 154 (276 SE2d 666) this Court considered a request to charge which read as follows: "I charge you that . . . evidence of correspondence of fingerprint impressions for the purpose of identification, when introduced by qualified fingerprint experts, is admissible in criminal cases, the weight and value of such testimony being a question for the jury. To warrant a conviction, however, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed."

This Court held that where evidence of fingerprints was introduced (as is in the case sub judice) that such request to charge was proper and that it was error requiring the grant of a new trial to refuse to give such requested instructions. *Pope v. State,* 157 Ga. App. 154, supra is controlling here, and we find the failure to give the request to charge was error.

However, we must determine a second question, to wit: was the error committed in this case harmful to the defendant? It is a well established principle of law that any error in the refusal to give a request to charge is harmless error, where the evidence demanded the verdict found. *Pennington v. State,* 117 Ga. App. 701, 704 (161 SE2d 327), and cases therein cited.

In order to constitute a confession, the statement of the accused must admit every material element of the crime charged against him. *Edwards v. State,* 213 Ga. 552 (4) (100 SE2d 172); *Wright v. State,* 186

Ga. 863 (1) (199 SE 209); *Fields v. State,* 211 Ga. 335 (1) (85 SE2d 753). Once a statement constitutes a confession, it is direct evidence of the defendant's guilt. *Richardson v. State,* 207 Ga. 373 (1) (61 SE2d 489); *Ramsey v. State,* 212 Ga. 381, 382 (92 SE2d 866).

The crime of burglary is committed when "without authority, and with intent to commit a felony or theft therein, one enters or remains within the dwelling house of another or any other building." Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287; through 1980, p. 770). The defendant's statement admitted going to the building in question, removing a plexiglas window, placing that in the vehicle which he drove to the site, entering the building and removing stereo equipment and then leaving when the police arrived. This statement, therefore, admitted every material element of the crime charged against the defendant and stands unrefuted by any other evidence to the contrary.

Under the circumstances in the case sub judice, therefore, we cannot find that the failure to give the charge was such harmful error as to require the reversal of the judgment. See *Simmons v. State,* 126 Ga. App. 401 (3) (190 SE2d 835).

*Judgment affirmed. Carley, J., concurs. Shulman, P. J., concurs in the judgment only.*

DECIDED JUNE 28, 1982 —
REHEARING DENIED JULY 20, 1982 —

*Randall M. Clark,* for appellant.
*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney,* for appellee.