### 69308. SWINT v. THE STATE.
(328 SE2d 373)

BENHAM, Judge.

Indicted for murder and aggravated assault, appellant was convicted of voluntary manslaughter and simple assault. The evidence at trial showed that appellant observed his estranged wife in a car with another man, followed the car, engaged in an exchange of gunfire with the other man, killing him, and then struck his wife in the face with a pistol.

1. Appellant's enumeration of error on the general grounds is without merit. Although appellant's testimony raises the issue of self-defense, there was contrary evidence which would authorize the jury to conclude that appellant initiated a gunfight with his estranged wife's lover, fatally wounding him, and then struck his wife with a pistol. From that evidence a rational trier of fact could reasonably conclude beyond a reasonable doubt that appellant was guilty of voluntary manslaughter and simple assault. OCGA §§ 16-5-2 and 16-5-20; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After the State rested its case, appellant called several character witnesses. On cross-examination of those witnesses, the prosecuting attorney asked them whether they had heard that appellant had committed certain acts of violence against his wife and had been convicted of carrying a concealed weapon. Appellant contends on appeal that the trial court erred in permitting that line of questioning over his objection.

"The trial court did not err in permitting the prosecuting attorney to cross-examine the appellant's character witnesses concerning whether or not they had heard that the appellant had been charged with or committed certain crimes. [Cit.]" *Nassar v. State*, 253 Ga. 35 (4) (315 SE2d 903) (1984). In *Nassar*, the prosecuting attorney made an offer of proof concerning the crimes and the defendant was examined on that issue. In the present case, when the prosecuting attorney offered to make a proffer, appellant declined to have such a showing made. Under those circumstances, we find no merit in appellant's contention in this court that there was no factual basis for the prosecuting attorney's questions. Compare *Simmons v. State*, 168 Ga. App. 1 (5) (308 SE2d 27) (1983), where it was shown that the question asked was factually incorrect.

3. In closing argument, the prosecuting attorney referred to the character witnesses and to the allegation that appellant had beaten his wife. In response to appellant's objection and motion for mistrial, the trial court referred the jury to the evidence and instructed the prosecuting attorney not to say anything that was not introduced into evidence. Since appellant did not renew his motion for a mistrial after that action by the trial court, there is no merit in his argument that the denial of his motion for mistrial was error. *Simmons v. State*, supra, Division 3.

4. When appellant attempted to question a police officer during cross-examination concerning the marital status of the shooting victim, the trial court sustained the State's objection on the ground of irrelevancy. Appellant now complains that his right to a thorough and sifting cross-examination was improperly abridged.

" 'The scope of cross-examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown that there has been an abuse of that discretion. [Cits.] The right to a thorough and sifting cross-examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. [Cits.]' " *Canady v. State*, 147 Ga. App. 640 (2) (249 SE2d 690) (1978). We agree with the trial court that the marital status of the decedent was not relevant to appellant's claim of self-defense. We also note in passing that the widow of the deceased testified on cross-examination to the same facts appellant had sought to elicit from the previous witness. We find

no error in the trial court's limitation of the cross-examination of the police officer.

5. Prior to the striking of the jury, the prosecuting attorney reported to the trial judge that appellant's counsel had been seen engaging in conversation with one of the prospective jurors. The trial court ruled that, in an abundance of caution, it would dismiss the juror for cause. Appellant contends that the trial court's action was error.

While the better practice would be to question the juror regarding the possibility of improper influence, we do not find the excusal of the juror in this case to be manifest abuse of the discretion with which a trial judge is vested in matters concerning the qualification of jurors. See *Taylor v. State*, 243 Ga. 222 (2) (253 SE2d 191) (1979). Furthermore, a defendant has no vested interest in having a particular juror serve; he is only entitled to a legal and impartial jury. *Franklin v. State*, 245 Ga. 141 (1) (263 SE2d 666) (1980). Appellant has made no claim that he has been denied an impartial jury, and we find no error in the trial court's action.

6. Prefacing a requested recharge on the offenses involved, the trial judge remarked, "I assume that probably some of the problems you are having are with the lesser crimes." Appellant enumerates that remark as error, arguing that the trial court thereby indicated that appellant was guilty of a lesser crime. We disagree.

In the context of the jury's request for a recharge on the definitions of the offenses, the trial court's remark was in no way prejudicial to appellant. It is clear from the transcript that the trial judge was only "setting the stage" for a definition of the charges against appellant, including lesser offenses. Furthermore, appellant made no objection to the remark. His failure to do so constitutes a waiver of the objection. *Howard v. State*, 251 Ga. 586 (7) (308 SE2d 167) (1983).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1985 —
REHEARING DENIED MARCH 11, 1985 —

*Robert E. Barker, Tom A. Edenfield*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.