### 69101. GIBBS v. THE STATE.
(329 SE2d 224)

CARLEY, Judge.

Appellant was tried on an indictment charging him with the murder of his wife's paramour. The jury returned a verdict of guilty of voluntary manslaughter. Appellant appeals from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant's sole enumeration of error concerns the giving of the following instruction to the jury: "[A]ny idea that a spouse is ever justified in taking the life of another — adulterous spouse *or* illicit lover — to prevent adultery is uncivilized. This is murder."

The language of the contested charge appears in *Burger v. State*, 238 Ga. 171, 172 (231 SE2d 769) (1977). However, it is clear that this language, when read in the context in which it was employed, merely evinces the Supreme Court's underlying rationale for its ultimate holding in *Burger*. The final objective legal principle that is established in *Burger* is as follows: "[A] person [is] *not* justified in taking the life of a [spouse or a] spouse's lover in order to prevent adultery. [Cit.]" (Emphasis in original.) *Chancellor v. State*, 165 Ga. App. 365 (1) (301 SE2d 294) (1983). This legal principle is the *result* of the Supreme Court's initial determination that the contrary constitutes an "uncivilized idea." Certain instructional ramifications result from the legal principle established in *Burger*: Since the Supreme Court has determined that the killing of a spouse or a spouse's lover *simply* to prevent adultery "is murder . . . henceforth, nothing more appearing, *an instruction on justifiable homicide may not be given*. Such homicides will stand on the same footing as any other homicides." (Emphasis supplied.) *Burger v. State*, supra at 172. Accordingly, for purposes of jury instruction, *Burger* is express authority only for determining when a charge on the issue of justifiable homicide should *not* be given. See *Brooks v. State*, 249 Ga. 583 (292 SE2d 694) (1982) (Adultery is sufficient provocation to reduce homicide from murder to voluntary manslaughter).

Thus, the question in the instant case is whether an instruction which employed language explanatory of the rationale of the legal holding in *Burger*, rather than language which clearly enunciated the appropriate legal principle of that decision, constitutes reversible error. "[L]anguage which is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge. [Cits.]" *Lofton v. State*, 157 Ga. App. 447, 448 (278 SE2d 94) (1981). "[W]e have frequently held that the language employed by a

judge of a reviewing court in discussing a case, or in giving reasons for a decision is not always appropriate for use by a trial judge in charging a jury. It is evident that in an opinion reasons, arguments, and illustrations are often valuable for the purpose of demonstrating the correctness of a legal conclusion reached, or of a judgment rendered; while the charge of a trial judge should not be argumentative or seek to demonstrate the correctness of the positions announced by him, but should instruct the jury as clearly and plainly as practicable in regard to the law applicable to the case before them. Metaphor, epigram, and unique felicities of expression are not usually desirable in a charge. Plainness, clearness, and a proper statement of the law relevant to the issues in the case in hand are rather to be sought." *Leonard v. State*, 133 Ga. 435, 437 (66 SE 251) (1909). Applying this analysis, it is clear that jury instructions should enunciate objective legal principles, while avoiding argumentative language such as reference to the "uncivilized ideas" which may, in the opinion of an appellate court, make those legal principles preferable. Accordingly, the contested charge in the instant case was not appropriate as a jury instruction.

However, it is the *law* of this State that adultery alone does not *justify* a homicide, the only question being whether adultery may *reduce* a homicide from murder to voluntary manslaughter. See *Brooks v. State*, supra. Essentially, the charge in the instant case, although employing argumentative language as to "uncivilized ideas," merely instructed the jury that the homicide of a spouse or a spouse's paramour to prevent adultery is not justified and constitutes the crime of murder. The only way in which the argumentative phrasing of the instruction could possibly have harmed appellant is if the jury had construed it to mean that the homicide of a spouse's paramour is always murder. Appellant was convicted of voluntary manslaughter, not murder. Accordingly, although we do not approve of the contested charge, it did not result in harm to appellant.

2. Appellant also intimates that *Burger* should not be followed insofar as it establishes that the homicide of an adulterous spouse or paramour thereof simply to prevent the adultery is not justifiable homicide. The holding to that effect by the Supreme Court has never been overruled and has not been obviated by any subsequent statutory enactment. It is therefore clear that that holding in *Burger* is necessarily a correct statement of the law of this State and is binding on this court.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

Decided March 7, 1985 —
Rehearing denied March 20, 1985.

*Denmark Groover, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Norman Miller, Assistant District Attorney*, for appellee.