## 71628. ATKINS v. THE STATE.
(339 SE2d 782)

BANKE, Chief Judge.

The defendant was indicted on charges of murder and possession of a firearm during the commission of a crime. This appeal is from his conviction of voluntary manslaughter.

Upon discovering his estranged wife's car parked outside a motel and determining that she was registered there, the defendant located her room and forced open the door, ripping a security chain from the wall in the process. He was met in the doorway by the victim, who had been having a tryst with the wife and was armed with a liquor bottle. Following a brief struggle, the defendant forced the victim to drop the liquor bottle, whereupon one of the two men produced a pistol. A struggle then ensued over the pistol. The defendant ultimately obtained control of the weapon and shot the victim in the face and chest, killing him.

Both in his testimony at trial and in a statement given to police following his arrest, the defendant maintained that it was the victim who had drawn the pistol and that, after gaining possession of the weapon, he had "started pullin' the trigger" in fear of his life. The defendant fled the scene after the shooting but surrendered to the police the next day. His account of the confrontation was consistent with the physical evidence and with the testimony of his wife, the only other eyewitness. The wife would not or could not, however, state which of the two men had initially been in possession of the pistol. *Held*:

1. The defendant contends that he was entitled to a jury charge on the issue of retreat on the ground that the state had injected the issue into the case by asking him on cross-examination whether, after gaining control of the pistol, he could not have simply left.

In *Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984), the Supreme Court held that "where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defendant is entitled to a charge on the principles of retreat as set forth in *Glover* [*v. State*, 105 Ga. 597 (31 SE 584) (1898)]." In *Glover*, it was held that "one free from fault may, without retreating, take human life and be justifiable, if the circumstances are sufficient to excite the fears of a reasonable man that a felonious assault is about to be made upon him, and the slayer, who is free from blame, acts under the influence of such fears, with the bona fide purpose of preventing the felony from being committed upon him." Id. at 598-599.

Because it is undisputed that the defendant in the case before us precipitated the confrontation with the victim by using force and violence to gain access to the motel room, we hold that he cannot be

considered blameless within the meaning of *Glover* and that the trial court consequently did not err in failing to charge the jury that a blameless individual has no duty to retreat when attacked.

2. The defendant contends the trial court erred in refusing to give his requested charge to the effect that an adulterous lover has no right to use a deadly weapon to defend himself against an attack by an innocent spouse and that "the only defense open to the guilty adulterer is to escape." This principle, previously upheld by this court in *Henderson v. State*, 136 Ga. App. 490, 493 (2) (221 SE2d 633) (1975), is based on the so-called "unwritten law" that the killing of an adulterous lover by an aggrieved and innocent spouse may be considered justifiable homicide. Such is no longer the law of this state. See *Burger v. State*, 238 Ga. 171 (1) (231 SE2d 769) (1977). Accordingly, the requested charge was properly denied.

3. The defendant finally enumerates as error the court's charge that "[t]o kill either a spouse or the spouse's lover for past acts of adultery or to prevent the apparent commission or the completion of an act of adultery in progress between them, nothing else appearing, is murder . . ." The defendant contends that this charge was inappropriate in view of the evidence that the victim attacked him with a liquor bottle and pulled a pistol on him. However, pretermitting consideration of the appropriateness of the charge, we hold that, since the defendant was found guilty of voluntary manslaughter rather than murder, the charge could not have harmed him in any way. Accordingly, this enumeration of error presents no ground for reversal. Accord *Gibbs v. State*, 174 Ga. App. 19 (1) (329 SE2d 224) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*Gwendolyn A. Atkinson*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.