## 73913. ELLER v. THE STATE.
### (360 SE2d 53)

BENHAM, Judge.

Appellant was convicted of voluntary manslaughter and appeals from the denial of his amended motion for new trial. Although appellant's notice of appeal was filed one day before the judgment denying his motion was entered, we will review the case on its merits rather than dismiss it for lack of jurisdiction in accordance with *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676) (1975). See also *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984); *LeGallienne v. State*, 180 Ga. App. 108 (3) (348 SE2d 471) (1986). In doing so, we must overrule *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986), where this court dismissed a prematurely filed appeal based on the reasoning overruled in *Gillen v. Bostick*. The approach of reviewing criminal appeals on the merits whenever possible is also in keeping with the spirit of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985).

1. Upon returning home early on the morning of July 20, 1985, appellant found his wife in bed with the victim, John Hicks. Appellant shot Hicks in the head with a .44 magnum revolver, and the victim succumbed to his injuries several hours later in the hospital. Witnesses testified that appellant admitted shooting the victim and that he was seen holding the weapon and wearing blood-spattered shoes. The evidence was sufficient for a rational trier of fact to find appellant guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Swint v. State*, 173 Ga. App. 762 (1) (328 SE2d 373) (1985).

2. Appellant contends that the trial court erred in refusing his request to charge both kinds of involuntary manslaughter, codified at OCGA § 16-5-3 (a) and (b). This issue was decided adversely to appellant in *Ward v. State*, 252 Ga. 85 (1) (311 SE2d 449) (1984). See also *Smith v. State*, 181 Ga. App. 136 (2) (351 SE2d 530) (1986).

3. The State was allowed to play for the jury a tape-recorded statement given by appellant's wife to a Cobb County detective after the crime was committed. Appellant claims the playing of the tape was an improper method of impeachment. We disagree. Our review of the transcript shows that the proper foundation was laid before the tape was played, in accordance with OCGA § 24-9-83. The trial court committed no error in this regard. *Carter v. State*, 244 Ga. 803 (2) (262 SE2d 109) (1979). Nor was the tape inadmissible due to "the absence of testimony of the chain of evidence," as appellant also claims. The testimony presented by the State at trial was that after the tape had been transcribed it was kept in the case file; that it had a safety device to prevent alterations; and that it had not been altered. That testimony was sufficient to carry the State's burden of showing "with reasonable certainty that the evidence is the same as that as [taken] and that there has been no tampering or substitution. [Cit.]" *White v. State*, 163 Ga. App. 179 (2) (292 SE2d 875) (1982). The tape was properly admitted.

4. Appellant complains that the trial court erred in charging the jury that "to kill a spouse or spouse's lover for past acts of adultery or to prevent the apparent commission of or the completion of an act of adultery in progress between them, with nothing else appearing, is murder. Any killing in a spirit of revenge for past completed wrong, however, heinous, cannot be justified." He contends that the instruction was improper inasmuch as he was not charged with murder but the jury could infer that he had committed murder. Reading the jury instruction as a whole, we find that it was clear that appellant was not charged with murder, but with voluntary manslaughter. If the charge was given in error, it was harmless, since appellant was found guilty of voluntary manslaughter, not murder. *Atkins v. State*, 177 Ga. App. 527 (3) (339 SE2d 782) (1986); *Gibbs v. State*, 174 Ga. App. 19 (1) (329 SE2d 224) (1985).

5. Appellant's final enumeration focuses on the trial court's jury instruction on evidence of flight. He contends that the instruction was unwarranted since he was arrested at the scene of the crime, and there was no direct or circumstantial evidence of flight so as to warrant such an instruction. We disagree. Appellant's neighbor testified that appellant left the scene of the crime, came to the neighbor's home after the shooting, gave the neighbor the gun, and left shortly thereafter. Appellant was subsequently arrested at his home. The trial court did not err in giving the jury a charge on flight. *Hood v. State*, 179 Ga. App. 387 (5) (346 SE2d 867) (1986).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, and Pope, JJ., concur. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment, being compelled to reach the merits despite the procedural problems which render the timing askew in this and other cases. See, e.g., *Sharp v. State*, 183 Ga. App. 641 (360 SE2d 50) (1987). The problems could all be avoided by the filing and dating of the trial court's order with the clerk on the day it is signed by the court, if entry is what the court intends. Otherwise, it is not "entered" as of that day, and the court has not yet officially acted on the matter. It is still within the breast of the court and may be changed. Before then, the message which entry conveys is subject to revision, and the time period it ordinarily starts running is delayed.

I would not expressly overrule *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986).

DECIDED JULY 15, 1987.

*William P. Holley, Jr.*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Thomas A. Cole, Assistant District Attorneys*, for appellee.