## 54289. DOTSON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by taking a pistol alleged to be of a value of more than $100 and of aggravated assault with a deadly weapon. *Held:*

1. The state by its evidence showed that defendant assaulted a police officer with the latter's pistol by pointing and firing the pistol at him during a physical struggle and then fled taking the pistol. The defendant testified in his own behalf that the officer in attempting to handcuff him caused defendant to fall with the policeman on top and then the pistol discharged. He denied pointing the gun at the officer. The defendant requested in writing

that the court charge the jury on accident or misfortune under Code § 26-602. The defendant's testimony was sufficient to raise a jury question as to whether the physical encounter was an accident or an aggravated assault with a deadly weapon. It was harmful error for the court to fail to give any charge to the jury on accident and we reverse the judgment insofar as it relates to the aggravated assault count of the indictment. *Teasley v. State,* 228 Ga. 107 (184 SE2d 179).

2. The value of the pistol was alleged to be in excess of $100. The police officer testified that while he was unfamiliar with current prices, the value of the pistol was in the "neighborhood of $200"; and that he purchased it three years ago for $160. There was no other evidence of value. This testimony was admitted without objection. In *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782), it was held that an owner of property may not testify as to his opinion of the value of the property without giving his reasons therefor and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value; and if admitted without objection it cannot support a verdict. This testimony thus is insufficient to authorize a finding that the value of the pistol was more than $100. However, the evidence authorized a finding that the pistol was of some value which will authorize a conviction of theft by taking and sentencing as for a misdemeanor under Code §§ 26-1802 and 26-1812, respectively. *Crowley v. State,* 141 Ga. App. 867 (234 SE2d 700). We affirm the conviction of theft by taking of property of some value but direct that the sentence for this offense be vacated and the defendant be resentenced as for a misdemeanor.

3. The remaining enumerations all have no merit.

*Judgment affirmed in part with direction and reversed in part. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 23, 1977.

*Kopp, Peavy & Conner, David L. Cavender,* for appellant.

*Dewey Hayes, District Attorney, C. Deen Strickland,*

*Assistant District Attorney,* for appellee.