### 61043. POPE v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his convictions of the offenses of theft by taking and criminal damage to property. For the reasons set forth below, we reverse.

1. Defendant maintains that the trial court erred in refusing his request to charge on the law relating to fingerprint evidence. The state contends that while the request to charge stated a correct principle of law, the court's charges on the law of circumstantial evidence and expert testimony generally covered defendant's more specific request.

We cannot agree that the trial court covered defendant's specific request in his general charge, since the court made no specific reference to the law on fingerprint evidence, as had been requested. Inasmuch as defendant's request to charge stated a correct principle of law, was not argumentative in nature (see, e.g., *Brown v. State,* 133 Ga. App. 56 (209 SE2d 721); *Anthony v. State,* 85 Ga. App. 119 (68 SE2d 150), containing the same language as the instant request to charge), and was relevant and pertinent to the evidence, the court erred in refusing to charge as requested. See, e.g., *Harrell v. State,* 241 Ga. 181 (2) (243 SE2d 890).

2. Moreover, we find error in the trial court's allowing the jury, over defendant's objection, to have the use of the special presentment in their deliberations. Although a jury generally would be permitted to have such presentment (see *Chandler v. State,* 143 Ga. App. 608 (239 SE2d 158)), the special presentment here contained extraneous and prejudicial matter (some of the prosecution's notes on the case, along with co-defendant's guilty plea). The court's failure to either excise the objectionable material or keep the indictment from the jury mandated a reversal. See *Hayes v. State,* 136 Ga. App. 746 (1) (222 SE2d 193), where it was held that the guilty plea of a co-defendant entered in the presence of the jury constituted reversible error. We see no valid distinction between a co-defendant's guilty plea entered orally in the presence of the jury or given in written form to the jury. If the former mandates the grant of a new trial, then so does the latter.

On the basis of the foregoing, the judgment of the trial court

must be reversed.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 15, 1981.

Robert A. Kunz, Michael R. Hauptman, for appellant.
William A. Foster III, District Attorney, for appellee.