## 63693. HOBGOOD v. THE STATE.

BIRDSONG, Judge.

The appellant was convicted of shoplifting, and contends on appeal that the trial court erred in failing to charge the jury as to the defense of mistake of fact (Code Ann. § 26-705). We have repeatedly held that failure to give this charge may be reversible where the defense of mistake of fact is the defendant's *sole* defense, as where the defendant concedes that the factual circumstances perceived by the

state to·be a criminal act on his part did in fact occur but only under a mistake of fact and therefore without the requisite criminal intent constituting the crime charged. See, e. g., *Gray v. State,* 158 Ga. App. 582 (281 SE2d 328); *Henderson v. State,* 141 Ga. App. 430 (233 SE2d 505). The conviction generally should not be reversed in any case, however, where the charge of the court fully and adequately covers the requisite elements of the crime charged, the requirement of criminal intent to commit the crime charged, and other material defenses thereto (see *Jordon v. State,* 232 Ga. 749 (4) (208 SE2d 840); *McClendon v. State,* 231 Ga. 47 (199 SE2d 904)), and where a reasonable trier of fact could find from the evidence proof of guilt beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). This is so because where the jury has heard the defense and has been properly charged as to the state's burden of proof, the elements of the crime and the requirement of criminal intent, and as to material defenses, a finding of guilt necessarily finds the requisite criminal intent and therefore negates any possibility that the jury, had it been charged mistake of fact, would have acquitted. See *Lamar v. State,* 243 Ga. 401, 403 (6) (254 SE2d 353).

The plainclothes security guard in this case testified she saw the appellant "walking toward me folding some curtains . . . she had a cafe curtain folded . . . over her arm, and then she had a valance in a container which was in her hand. . . . After she had folded [the curtain], she proceeded to tear open the plastic container that contained the valance and then put the valance back on the coat hangers, hung the valance up on the rack, and then put the curtain that she had folded into the plastic bag, and put a price tag [that she already had in her hand] inside the bag." The true value of the curtain was $2.99 and the price on the price tag placed in the bag was $.99. The appellant was apprehended at the check-out counter, where the curtain marked $.99 was verified to cost $2.99; it was also discovered that folded up inside the curtains were two tie backs which match another type of curtain and are not intended to be sold with cafe curtains. The appellant also purchased another curtain for $2.99. The appellant denied to the guard that she had placed the curtain in the plastic bag. Appellant at trial denied changing merchandise from one package to another and denied changing any price tag.

Appellant's defense in this case was not solely mistake of fact. She contended that she intended to buy a valance but mistakenly picked up curtains in a valance bag, while at the same time she contended she did not perform the acts testified to by the security guard. Since mistake of fact was not her sole defense, she was not entitled to the charge as a matter of law; and in any case, the jury was

properly charged as to the elements of the crime and the requirement of criminal intent, and moreover as to the state's burden of proof and principles as to the credibility of the witnesses. The finding of the requisite criminal intent negates any possibility that the jury might have believed the appellant operated under mistake of fact even if the jury had been given such a charge. Failure to charge in the language of Code Ann. § 26-705 was thus not reversible error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 26, 1982.

*Wesley Williams,* for appellant.
*John R. Thompson, Solicitor, William B. Morgan, Assistant Solicitor,* for appellee.