## 69018. CHERRY v. THE STATE.
(329 SE2d 580)

SOGNIER, Judge.

Vincent Cherry was convicted of two counts of cruelty to children.

1. Appellant contends the trial court erred by allowing the district attorney, over objection, to ask during voir dire: "Is there anyone here that believes that in disciplining a child that sometimes it would be necessary to use a belt, a stick or an antenna cord and beat them from their head to their toes? Is there anybody here that thinks that would be a fair way to discipline a child?" This question was argumentative, inflammatory and prejudicial, and was not a proper question on voir dire. Nevertheless, after appellant's objection was overruled he did not request a postponement until a new panel of jurors could be selected or offer a challenge to the poll of the jury. These are the two remedies available where, upon the call of a case but before a jury is struck, the panel of potential jurors is exposed to a prejudicial remark (or, as here, a prejudicial question). *Nave v. State,* 171 Ga. App. 165, 167 (3) (318 SE2d 753) (1984); *Bankston v. State,* 169 Ga. App. 955 (1) (315 SE2d 671) (1984). Since appellant did not pursue his proper remedy, it was not error to overrule his objection to the prosecuting attorney's question. See *Hill v. State,* 221 Ga. 65, 66 (1, 2) (142 SE2d 909) (1965).

2. We need not consider whether the trial court erred by failing

to declare a mistrial or admonish the jury to disregard the opening statement of the district attorney that "this is a case about a grown man who took his frustrations out on an eight year old girl and on a little three year old boy by repeatedly flogging them, these two precious little children, with a belt. . . ." Although appellant objected to this statement, he did not request a rebuke or move for mistrial so there is nothing for us to review. *Sims v. State*, 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

3. Appellant contends error by allowing one victim's pre-school teacher to testify as to whether in a day or two after spanking her own children they were still in pain, as such testimony was not relevant. We do not agree. In our opinion the question was relevant as tending to show that appellant used excessive force, amounting to cruelty, in spanking the victims. *Fain v. State*, 165 Ga. App. 188, 189 (2) (300 SE2d 197) (1983).

4. Appellant contends the trial court erred by denying his motion for a mistrial after the prosecuting attorney improperly placed appellant's character in issue through testimony of the victims' mother. He also contends error by allowing the State to impeach its own witness by such testimony.

In regard to these contentions the victims' mother, a State witness, testified on cross-examination that she and her children got along well with appellant. The prosecuting attorney was allowed to ask on redirect examination in regard to this issue if she had been to a hospital for a serious cut on her hand inflicted by appellant.

OCGA § 24-9-82 provides that a witness may be impeached by disproving facts testified to by him (her). Thus, once the mother testified on cross-examination that she and appellant got along well it was proper to show they had a serious "misunderstanding" during which appellant assaulted the mother with a stick, resulting in a cut on the mother which required four stitches to close.

As to the State impeaching its own witness, it is readily apparent from the transcript of the mother's testimony that she would not say anything in support of the charges against appellant and was a hostile witness. There is no longer a requirement of any show of surprise before a party is allowed to impeach his own witness. *Davis v. State*, 249 Ga. 309, 314 (3) (290 SE2d 273) (1982). Thus, it was proper to allow the State to impeach its own witness.

In regard to appellant's contention that such evidence improperly placed his character in issue, if evidence is relevant and material to a case it is not inadmissible because it incidentally puts a defendant's character in issue. *Davis*, supra at 310 (1). This rule is particularly applicable where, as here, appellant raised the issue of the nature of his relationship with the victims and their mother on cross-examination. When appellant induced the complained of testimony he is in no

position to complain. *Drake v. State*, 142 Ga. App. 14, 15-16 (1) (234 SE2d 825) (1977). Thus, enumeration of errors 4 and 5 are without merit.

5. Appellant contends error by admitting in evidence an oral statement made by appellant to a deputy sheriff. No objection was made to the admission of appellant's statement at a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) or when the deputy testified as to the statement. It is well settled that this court will not consider questions raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698) (1979).

6. Enumerations 7 and 9 complain of questions asked witnesses from DFACS and the county Children's Services concerning comparable child beatings over the course of their experience. The witnesses were qualified as experts in this field and their testimony concerned the physical extent of the beatings. Hence, such evidence was relevant to the issue of excessive physical pain, an essential element of the crime charged. OCGA § 16-5-70 (b). Neither witness expressed an opinion upon the ultimate issue involved, even though all requirements for admission of their expert opinions were met. Thus, such testimony was admitted properly. *Stewart v. State*, 246 Ga. 70, 75 (4a) (268 SE2d 906) (1980); *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981).

7. Questions asked the victims' mother in regard to prior statements made to the supervisor of the county Protective Services Unit which were contradictory to her testimony on direct examination were properly allowed for the reasons discussed in Division 4.

8. Appellant contends it was error to charge the jury that "[a] crime is a violation of a statute of this State in which there shall be a union or joint operation of act and intention or criminal negligence." Appellant argues that criminal negligence is not an element of the offense of cruelty to children and, therefore, it was error to charge the jury he could be found guilty if he was guilty of criminal negligence.

The court did not charge the jury that criminal negligence was an element of the offense of cruelty to children, but correctly used the words "criminal negligence" in its definition of a crime. OCGA § 16-2-1. *Smith v. State*, 238 Ga. 146, 148 (2) (231 SE2d 757) (1977). Hence, there was no error.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 26, 1985.

*Joseph E. Williams, Gordon Greenhut*, for appellant.

*Gary C. Christy, District Attorney,* for appellee.