74234. HERROD v. THE STATE.
(357 SE2d 317)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of hunting at night with the aid of a light, hunting from a motor vehicle and hunting from a public road. *Held*:

1. The State's evidence shows that on the night of October 28, 1985, at approximately 9:05 p.m., Chief Clark of the Dawson Police Department was at his home on a sparsely settled rural road when he observed a "vehicle going down the road at a very slow rate with a spotlight shining on both sides of the field from one field to the other, back and forth." Chief Clark watched the vehicle "until they went over a little rise approximately a quarter of a mile down the road from my house, then I heard a shot that sounded like it came from a high powered rifle." Chief Clark got in his jeep and followed the vehicle, found the vehicle with the spotlight still shining into the fields alongside the road, obtained a tag number and description of the vehicle, observed the driver of the vehicle whom he later identified as defendant, saw that there were two passengers in the vehicle, but Chief Clark did not succeed in his attempts to stop the vehicle.

Defendant contends the trial court erred in admitting evidence of a similar violation of the game laws. The similar incident occurred on November 3, 1985 (or six days after the incident at issue), and resulted in defendant's plea of guilty to the offense of hunting on the lands of another without permission. In the similar incident defendant and other individuals had shot from a public road and killed a deer on private property in Lee County. The identity of defendant as the perpetrator of both incidents was shown. The incidents were sufficiently similar that proof of the independent crime tends to prove the

offense charged in that both involve defendant hunting from a public road. Consequently, the trial court did not err in admitting the similar transaction evidence to show identity, motive, plan, scheme, bent of mind and course of conduct. *Cunningham v. State*, 255 Ga. 35, 37 (4) (334 SE2d 656).

2. Defendant enumerates as error the trial court's refusal to give in a charge to the jury to-wit: "I charge you that there is a presumption that no crime has been committed and the burden is on the State to prove beyond a reasonable doubt that a crime was, in fact, committed." Defendant cites *Burge v. State*, 103 Ga. App. 682, 683 (2) (120 SE2d 200) as authority for this requested charge.

"It is not necessary to include the exact language of written requests to charge when the same principles are given in the general charge. *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218)." *Pennyman v. State*, 175 Ga. App. 405, 407 (1) (333 SE2d 659). In the case sub judice, the substance of defendant's requested charge was contained in the trial court's general charge on the State's burden of proof. The trial court charged as to the presumption of defendant's innocence and that "this presumption surrounds him and protects him until it is overcome by the State with evidence which is sufficient to convince you beyond a reasonable doubt as to the guilt of the accused. No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and to a moral and reasonable certainty." See also *Rowell v. State*, 176 Ga. App. 309, 310 (3) (335 SE2d 689); and *Johnston v. State*, 178 Ga. App. 219, 221 (3) (342 SE2d 706). This enumeration of error is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 15, 1987.

*Charles R. Hunt*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.