74374. PITTS v. THE STATE.
(361 SE2d 234)

McMURRAY, Presiding Judge.

Defendant was convicted of driving under the influence of alcohol and of the offense of habitual violator. Defendant now appeals seeking a new trial from his conviction of habitual violator. *Held*:

In his sole enumeration of error defendant contends the trial court erred in failing to charge the jury, without request, as to the defense of mistake of fact regarding the offense of habitual violator. In this regard, OCGA § 16-3-5 provides that "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would

have justified the act or omission." "We have repeatedly held that failure to give this charge may be reversible where the defense of mistake of fact is the defendant's *sole* defense, as where the defendant concedes that the factual circumstances perceived by the state to be a criminal act on his part did in fact occur but only under a mistake of fact and therefore without the requisite criminal intent constituting the crime charged. See, e.g., *Gray v. State*, 158 Ga. App. 582 (281 SE2d 328); *Henderson v. State*, 141 Ga. App. 430 (233 SE2d 505)." *Hobgood v. State*, 162 Ga. App. 435, 436 (291 SE2d 570).

In the case sub judice, the trial court did not err in failing to charge the jury, sua sponte, on the defense of mistake of fact. That defense was not the sole defense raised by defendant at trial with regard to the offense of habitual violator as defendant testified that he was not properly served with notice by the Georgia Department of Public Safety of his status as a habitual violator as is required by OCGA § 40-5-58 (b). Consequently, failure to charge in the language of OCGA § 16-3-5, absent a timely request, was not reversible error. *Hobgood v. State*, 162 Ga. App. 435, supra.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 15, 1987.

*David M. Bowen, Kenneth W. Krontz*, for appellant.
*Frank C. Winn, District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.