### 76210. FLANDERS v. THE STATE.
(371 SE2d 918)

CARLEY, Judge.

Appellant was convicted of driving under the influence of drugs in violation of OCGA § 40-6-391 (a) (2). He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. At trial, appellant's defense was based upon evidence that the drug which impaired his driving ability had been prescribed for him by a medical doctor. Appellant also produced evidence that he was not aware that the drug could affect his ability to drive, or that it had, in fact, impaired his ability to drive at the time of his arrest. On this evidence, appellant requested a charge on the defense of involuntary intoxication. See OCGA § 16-3-4. The trial court's refusal to give this requested charge is enumerated as error.

OCGA § 40-6-391 (b) does provide that the legal entitlement of a person charged with driving under the influence of drugs to use a drug does not, in and of itself, afford that person with a defense to a charge of violating the Code section. Where, however, there is evidence authorizing an instruction under OCGA § 16-3-4, OCGA § 40-6-391 (b) does not resolve the issue which is raised by appellant. If, in fact, a defendant charged with driving under the influence of drugs would otherwise be entitled to an instruction under OCGA § 16-3-4, such an instruction would be required to be given without regard to whether the drug involved was legally prescribed or not.

The determinative factor in this case is that there was no evidence supporting a charge on OCGA § 16-3-4, even if there were evidence produced at trial to support a finding that appellant was "involuntarily intoxicated" within the meaning of subsection (b) of OCGA § 16-3-4. This is readily apparent because subsection (a) of OCGA § 16-3-4, as incorporated into appellant's request to charge, provides that "[a] person shall not be found guilty of a crime when, at the time of the act . . . constituting the crime, the person, because of

involuntary intoxication, *did not have sufficient mental capacity to distinguish between right and wrong in relation to such act.*" (Emphasis supplied.) Although appellant contends that he was "involuntarily intoxicated" as defined in subsection (b) of OCGA § 16-3-4, there is absolutely no evidence that, as a result of such "involuntary intoxication," he did not have the capacity to distinguish between right and wrong as required by subsection (a) of that statute. Thus, the requested charge was not supported by the evidence and the trial court did not err in failing to instruct the jury in accordance with said request.

2. Appellant requested a charge on misfortune or accident. See OCGA § 16-2-2. The trial court's refusal to give this requested charge is enumerated as error. A review of the transcript reveals, however, that there was no evidence that appellant himself did anything by accident or mistake. Accordingly, the requested charge was not adjusted to the evidence and it was not error for the trial court to refuse to give it. See *Sampson v. State*, 165 Ga. App. 833, 834 (4) (303 SE2d 77) (1983).

3. The trial court's failure to charge on mistake of fact, without request, is enumerated as error. "Since mistake of fact was not [his] sole defense, [appellant] was not entitled to the charge as a matter of law; and in any case, the jury was properly charged as to the elements of the crime and the requirement of criminal intent, and moreover as to the [S]tate's burden of proof and principles as to the credibility of the witnesses. The finding of the requisite criminal intent negates any possibility that the jury might have believed the appellant operated under mistake of fact even if the jury had been given such a charge." *Hobgood v. State*, 162 Ga. App. 435, 436-437 (291 SE2d 570) (1982). See also *Pitts v. State*, 184 Ga. App. 220 (361 SE2d 234) (1987). This enumeration is without merit.

4. The trial court refused to give appellant's requested charge on the State's burden of proving that a crime had been committed. This refusal is enumerated as error. The transcript reveals that the trial court's charge to the jury on the State's burden of proof was otherwise full and proper. Therefore, there is no error in refusing to give the requested charge. *Herrod v. State*, 182 Ga. App. 876, 877 (2) (357 SE2d 317) (1987).

5. The trial court's failure to declare a mistrial or to admonish the jury to disregard certain statements made by the prosecuting attorney in his closing argument is enumerated as error. The record shows that, "[a]lthough appellant objected to this statement, he did not request a rebuke or move for mistrial so there is nothing for us to review. [Cit.]" *Cherry v. State*, 174 Ga. App. 145, 146 (2) (329 SE2d 580) (1985).

6. Appellant enumerates the general grounds. After a careful re-

view of the entire record, we find that a rational trior of fact could reasonably have found from the evidence produced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Kimberly v. State*, 180 Ga. App. 521 (349 SE2d 489) (1986).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Birdsong, C. J., Sognier and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. OCGA § 16-3-4 provides, in pertinent part: "(a) A person shall not be found guilty of a crime when, at the time of the act . . . constituting the crime, the person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to such act. (b) Involuntary intoxication means intoxication caused by: (1) Consumption of a substance through excusable ignorance; . . ."

In the instant case appellant testified that he had taken two Valium tablets prescribed by his doctor over a period of about ten hours, and he was unaware of the side effects of Valium. Appellant's doctor testified that he did not advise appellant of the side effects of Valium, and it was undisputed that there was no warning label on the bottle containing the Valium. The arresting officer testified that appellant was unsteady on his feet, was swaying and staggering when he walked, and was in a *narcotic stupor*. The officer also testified that he had never seen anyone whose driving ability was so impaired when alcohol was not involved.

In my opinion, such evidence raised the issue of involuntary intoxication through excusable ignorance. The State's evidence established clearly that appellant was intoxicated, and the officer's testimony that appellant was in a narcotic stupor indicates that appellant did not know what he was doing. This raised the issue as to whether appellant had sufficient mental capacity to distinguish between right and wrong in relation to the act charged.

Appellant's request to charge on involuntary intoxication through excusable negligence was a correct statement of the law, OCGA § 16-3-4, and was relevant and pertinent to the evidence. "Inasmuch as defendant's request to charge stated a correct principle of law, was not argumentative in nature, . . . and was relevant and pertinent to the evidence, the court erred in refusing to charge as requested." *Pope v. State*, 157 Ga. App. 154 (1) (276 SE2d 666) (1981). See also *Mullins v. State*, 157 Ga. App. 204, 206 (1) (276 SE2d 877) (1981). Hence, I find the failure to submit this issue to the jury was harmful error under the circumstances present here. See, e.g., *Dotson v. State*, 144 Ga. App. 113, 114 (1) (240 SE2d 238) (1977). Accordingly, I would

reverse appellant's conviction and remand the case to the trial court for a new trial.

I am authorized to state that Chief Judge Birdsong and Judge Beasley join in this dissent.

BEASLEY, Judge, dissenting.

I concur fully with the dissent because the evidence fit the requested jury charge on OCGA § 16-3-4 as it related to the alleged violation of OCGA § 40-6-391 (a) (2).

There are two parts to the defense, and as recognized by appellant, the absence of evidence of either part would render intoxication no defense. Defendant's position at trial, backed up by at least some evidence, was as follows:

1. I did not know that the drug *could* intoxicate me, and that ignorance is excusable because a) the doctor who prescribed it, upon whom I relied, did not tell me it would intoxicate me and b) the prescription bottle gave me no such warning, and c) I had no previous experience with this drug or knowledge of its intoxicating quality. That is to say, I did not know the Valium *could*, by its properties, render me incapable of safely driving under the circumstances I took it, and this lack of knowledge (ignorance) was not my fault. Thus there was consumption through excusable ignorance, fulfilling the requirement of OCGA § 16-3-4 (b) (1).

Although it is undisputed that defendant knew that the substance he voluntarily ingested was Valium, he testified with supporting evidence that he did not know its properties in relation to the circumstances under which he took it. The comments to the Code "offer the explanation that involuntary intoxication may be 'due to excusable ignorance such as reliance on a physician's prescription. . .' Committee Notes, Code Ann. Ch. 26-7, § 26-704 (p. 67)." *Johnson v. State*, 235 Ga. 486, 489 (1) (220 SE2d 448) (1975).

2. I did not know while I was driving that the drug *did* have an intoxicating influence on me so as to render me incapable of safely driving. That is to say, I did not realize that because of its actual effect on me when I took it, it *did* affect my driving capability and I should not then drive. To be specific, because of its influence on me, I could not then distinguish between right (that it was permissible to drive) and wrong (that it was not permissible to drive). Thus there was a lack of mental capacity at the time to make the distinction, "in relation to [the] act" of driving under the influence, fulfilling the requirement of OCGA § 16-3-4 (a) and eliminating criminal intent.

The evidence of this latter part is defendant's testimony that he did not have any reason to believe that he was driving any differently than he did any other day, and that he did not while driving believe his driving was impaired.

DECIDED JULY 15, 1988 —
REHEARING DENIED JULY 28, 1988.

*Dorine E. Preis*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Judith C. Emken, Assistant Solicitors*, for appellee.