A89A1934. WILSON v. THE STATE.
(390 SE2d 903)

BEASLEY, Judge.

Following the overruling of his amended motion for new trial, Wilson appeals his convictions and sentences for robbery by the use of force, OCGA § 16-8-40 (a) (1); false imprisonment, OCGA § 16-5-41 (a); and aggravated assault with the intent to rape, OCGA § 16-5-21 (a) (1).

The evidence is construed so as to uphold the verdict. *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985). Between 11:00 a.m. and noon, Brown was walking from her apartment to a MARTA station. She was at a stoplight when Wilson came up behind her, put his arm around her neck, and said in her ear that he had a knife and that she better come with him. Brown was afraid and allowed Wilson to take her through an alley.

In the alley, Wilson tried to grab Brown's purse and told her to give him all her money. She told him she had only six dollars. Wilson said he did not care and to give it to him. He told Brown she had more money in the purse and wanted her to pour everything out. Wilson again tried to grab the purse; in doing so, he spied Brown's rings. He asked how much the rings were worth and Brown responded they were worth nothing. He said he wanted to see the rings anyway. When Brown refused to remove them, Wilson said if she did not do so, he had a knife and would cut her up. Brown surrendered the rings. A car drove slowly through the alley where the two were standing. Wilson put his arm back around Brown's neck, told Brown to put her

arm on his shoulder, walk with him and not scream or run or he would rip off her clothes and make her walk naked through the street.

The two walked out of the alley and to the next block between two houses. When Brown refused to take her shirt off, Wilson started pulling it and asked if she had ever had anything taken by force. She replied no and Wilson said he would do so if she did not do what he said. Brown moved her hands from her shirt and Wilson jerked down her undergarment and put his hands and mouth on her bosom. Brown was afraid she was going to be raped. The same car that had driven through the alley drove by and slowed down. Wilson jerked Brown's shirt back down and told her again to put her arm on his neck. Brown told him he had her money and rings and if he let her go she would not say anything. Wilson said he would not let her go and that she "needed a real man."

With his arm around Brown's neck, Wilson walked her to the next block, near her apartment complex. Brown asked to go to her apartment. Wilson at first agreed but then refused, stating that Brown was trying to trick him and he would drag her behind some bushes. Wilson made Brown sit on the corner, still holding her and forcing her to keep her arm on his shoulder. A patrol car drove around and stopped. Wilson instructed Brown not to look at the police or scream or say anything. Another patrol car pulled up and Wilson jumped up and ran with Brown's rings.

The police had noticed Wilson because they were responding to a "suspicious person" call in regard to a burglary. After a chase between houses and over fences, the officers caught Wilson. He complained of injuries and was taken to the hospital, where an attempted escape was stopped.

1. Appellant contends the trial court erred by denying his request for a charge on simple battery even though the evidence warranted it.

At trial, appellant denied any assault with intent to rape and specifically any choking, fondling, or touching of the victim. The State's evidence if accepted was sufficient to enable the jury to find that appellant had committed the charged aggravated assault with intent to rape, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the evidence allowed the jury to find either the completed charged offense or no offense, and it was not error to refuse to charge on simple battery. See *Terry v. State*, 166 Ga. App. 632 (305 SE2d 170) (1983), and *Tremble v. State*, 162 Ga. App. 761, 762 (3) (292 SE2d 442) (1982), which discuss this principle in the context of rape.

2. Appellant contends the trial court erred in denying his request to charge, "In all cases their (sic) exists the presumption that no crime has been committed." The ground is that he was denied the presumption of innocence and that a burden to prove that no crime

was committed was laid on him.

The trial court fully charged the jury on the State's burden of proof and the defendant's presumption of innocence. There was no error in refusing to give defendant's requested charge. *Flanders v. State*, 188 Ga. App. 98, 99 (4) (371 SE2d 918) (1988); *Herrod v. State*, 182 Ga. App. 876, 877 (2) (357 SE2d 317) (1987); *Smith v. State*, 180 Ga. App. 422, 424 (2) (349 SE2d 279) (1986).

3. Appellant enumerates as error the admission of evidence of the circumstances of arrest, namely the officers' testimony that they were responding to a suspicious person call involving a burglary.

Appellant's counsel had filed a motion in limine asking the trial court to order the prosecution to offer no reference or evidence to give the jury the impression that Wilson was the burglary suspect. The State said it would instruct the officers not to go into any details about the burglary. Counsel objected to even mention that the officers were looking for a suspicious person. The State again indicated it would not go into any involvement in the burglary but desired the officers to testify that they were on a suspicious person call, to explain why they were in the area, and that their attention was drawn to appellant because he fit the description. The court indicated it would permit this, and there was no further objection.

Appellant obtained the ruling he sought in his motion, i.e., no mention of the burglary. As to the evidence given, " ' "all circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. (Cits.)" [Cits.]' [Cit.]" *Pierre v. State*, 189 Ga. App. 364, 365 (1) (375 SE2d 511) (1988); see also *Claypool v. State*, 188 Ga. App. 642, 643 (1) (373 SE2d 765) (1988) and *Lawrence v. State*, 187 Ga. App. 211, 212 (1) (369 SE2d 531) (1988). Permitting the testimony was not erroneous.

*Judgments affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1990.

*Rochelle L. Cross*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.