## A00A1997. FREE v. THE STATE.
### (539 SE2d 213)

MIKELL, Judge.

Joseph Perry Free was indicted on one count of aggravated assault and one count of criminal trespass. The jury returned a guilty verdict on the aggravated assault charge and found the defendant not guilty of criminal trespass. The trial court denied the motion for new trial, and the defendant appeals his conviction. We affirm.

1. The defendant argues that his conviction should be reversed because it was contrary to the evidence, against the weight of the evidence, and contrary to law and the principles of equity and justice. On appeal, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to support the verdict.[1] Our review is limited to determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in the light most favorable to support the verdict, the evidence shows that in the early hours of January 17, 1999, the defendant drove his girlfriend, Linda Jane Schlick, to the home of her estranged husband, Richard Schlick, in order to pick up her four-year-old son. Both the defendant and Mrs. Schlick had consumed alcoholic beverages prior to driving to Mr. Schlick's home.

The evidence further shows that upon their arrival, Mrs. Schlick entered Mr. Schlick's home while the defendant remained in the car. Mr. Schlick became upset when he realized that his estranged wife was accompanied by the defendant. Mr. Schlick approached the car,

---

[1] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

shouting at the defendant to leave his property. Mr. Schlick testified that he had a cordless telephone in his hand when he started walking toward the defendant's car.

Both Mr. Schlick and the defendant testified that when the defendant saw Mr. Schlick approaching, the defendant exited his car holding a gun and fired a shot into the air. Mr. Schlick continued moving toward the defendant, dropping the telephone in the process. Mr. Schlick shoved the defendant, who stumbled backward several steps. Mr. Schlick testified that after the defendant recovered his footing, he "stepped back, braced, and fired," shooting Mr. Schlick in the left shoulder. After he was shot, Mr. Schlick picked up the cordless telephone and called 911.

The law enforcement officers who arrived on the scene found Mr. Schlick on the porch of his home, putting pressure on his wound, and a .380 caliber pistol in the passenger area of the defendant's car. The defendant told the officers that he shot Mr. Schlick in self-defense. The officers determined that the defendant was intoxicated and declined to interview him until later that day.

The two essential elements of aggravated assault are (1) an assault and (2) aggravation by the use of a deadly weapon, object, device, or instrument "which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[3]

We conclude that the evidence, as summarized above, was sufficient for the jury to determine beyond a reasonable doubt that the defendant was guilty of aggravated assault.

2. Next, the defendant argues that the trial court erred in refusing to charge the jury on mistake of fact pursuant to OCGA § 16-3-5, which provides that "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." The defendant contends that this charge was warranted because he mistakenly believed that the cordless telephone carried by Mr. Schlick was a gun.

In *Pullin v. State*,[4] the Supreme Court held that "inasmuch as the appellant's defense was based on justification and self-defense, and inasmuch as the trial court gave a full jury charge with respect thereto, . . . the appellant was not entitled to a charge on mistake of fact." Here, the trial court charged the jury on justification, self-defense, misfortune, and accident. Accordingly, the court did not err in refusing to give a charge on mistake of fact.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

---

[3] OCGA § 16-5-21 (a) (2); *Elrod v. State*, 238 Ga. App. 80, 82 (1) (517 SE2d 805) (1999).

[4] 257 Ga. 815, 817 (3) (364 SE2d 848) (1988).

Decided September 13, 2000.

Rodney L. Mathis, for appellant.

T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney, for appellee.