## A02A1302. HALL v. THE STATE.
(573 SE2d 415)

BARNES, Judge.

Gwendolyn Francis Hall appeals her conviction of theft by taking a $37,735 check from a 79-year-old woman who was in Hall's care. Her sole enumeration of error alleges that the trial court erred by refusing to give her requested charge on mistake of fact as a defense to this crime. We affirm.

Viewed most favorably in support of the verdict, the evidence shows that Hall worked as a caregiver for the elderly and incapacitated, including the victim in this case. The daughter of the victim was expecting to receive a check, and when it did not arrive, she

began an investigation to learn what had happened to it. She learned that the check had been sent certified mail and that Hall had received and signed for it. The daughter later learned that Hall had deposited the check in Hall's personal account.

Although Hall signed an agreement with the agency that assigned her to this job that she would "not accept any tip or gift" from any client to whom she was assigned, Hall contends she received the check as a gift. According to the daughter's testimony, Hall said the victim told her "to take the check and to buy something nice for herself." Hall also testified that the check was a gift, and that she "acted out of a claim of right to dispose of that gift as I saw fit, because it was a gift. And it's a mistake of fact that I stole that." Hall worked for the victim for approximately six days when the alleged gift of $37,735 was made to her.

Hall accompanied the daughter to her bank to retrieve the money, but she could not because a hold had been placed on payment of the check. Even though Hall stated that she would return the money, she never did.

Hall contends that after the visit to the bank the victim insisted that she keep the money, and she testified that she did so because the check was a gift. She also testified that she was not aware that the victim's daughter handled all the victim's financial affairs. She felt the victim "was an intelligent lady and capable of making intelligent decisions."

In support of her claim, Hall produced a note that she had prepared. The note said: "I, [the victim], being of sound mind on this 11th day of September, give the check number 424088 in the amount of $37,735 to Ms. Gwendolyn F. Hall. This was done out of love and my own free will. I was not talked into anything. This was a surprise to her." Although the State disputed the signature, Hall maintains that the victim signed the note.

Hall argues on appeal that she was entitled to a charge on mistake of fact because she was mistaken about the victim's mental state, i.e., Hall thought the victim was competent to make a gift when she was not.

1. Under our law, "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." OCGA § 16-3-5. The trial court correctly refused to give a charge encompassing this concept because Hall's testimony at trial, which was the only evidence presented in her defense, did not support this defense.

Hall's testimony was that she took the check because it was given to her, and that she retained the funds because the victim insisted that she do so. Her position was that the victim was compe-

tent to make a gift. This evidence does not raise a mistake of fact defense. See *Williams v. State*, 221 Ga. App. 296, 297 (1) (471 SE2d 258) (1996).

2. Further, a

> conviction generally should not be reversed in any case, however, where the charge of the court fully and adequately covers the requisite elements of the crime charged, the requirement of criminal intent to commit the crime charged, and other material defenses thereto (see *Jordon v. State*, 232 Ga. 749 (4) (208 SE2d 840) [(1974)]; *McClendon v. State*, 231 Ga. 47 (199 SE2d 904) [(1973)]), and where a reasonable trier of fact could find from the evidence proof of guilt beyond a reasonable doubt. *Boyd v. State*, 244 Ga. 130, 132 (259 SE2d 71) [(1979)]; *Turner v. State*, 151 Ga. App. 169, 170 (259 SE2d 171) [(1979)]. This is so because where the jury has heard the defense and has been properly charged as to the state's burden of proof, the elements of the crime and the requirement of criminal intent, and as to material defenses, a finding of guilt necessarily finds the requisite criminal intent and therefore negates any possibility that the jury, had it been charged mistake of fact, would have acquitted. See *Lamar v. State*, 243 Ga. 401, 403 (6) (254 SE2d 353) [(1979)].

*Hobgood v. State*, 162 Ga. App. 435 (291 SE2d 570) (1982). See also *Free v. State*, 245 Ga. App. 886, 887 (2) (539 SE2d 213) (2000).

The transcript in this case shows that the trial court's charge fully informed the jury on the charge of theft by taking asserted against Hall, the presumption of innocence, the State's burden to prove Hall's guilt beyond a reasonable doubt, credibility of witnesses, impeachment, criminal intent, Hall's affirmative defenses that the money was a gift, and her claim of right to the money. Nevertheless, the jury found Hall guilty. Therefore, based on the evidence of record and the charge given, we find that, even if a charge of mistake of fact had been required, any error in failing to give the charge was harmless. *Free*, supra, 245 Ga. App. at 887 (2); *Hobgood*, supra, 162 Ga. App. at 435.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 24, 2002.

*Michael A. Zoffmann*, for appellant.

*Patrick H. Head, District Attorney, Thomas A. Cole, Dana J. Norman, Kathryn E. Cozzo, Assistant District Attorneys*, for appellee.