## A08A2035. WILLIAMS v. THE STATE.
(676 SE2d 805)

BARNES, Judge.

Ashley L. Williams appeals her convictions of nine counts of felony theft by taking and one count of criminal attempt to commit theft by taking. She alleges that the evidence was insufficient to sustain her convictions, that the State failed to prove venue, and that the trial court erred by refusing to charge on the defense of mistake of fact. Finding no reversible error, we affirm.

1. "When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

Viewed in the light most favorable to the verdict, the evidence shows that Williams was involved with a man named Jeffrey Sparks in a scheme to take money from the bank account of his grandfather. Sparks would telephonically transfer funds from his grandfather's account to Williams' account. Williams would then withdraw the money and give some of it to Sparks, retaining some for herself. This scheme was repeated 12 times for a total of $24,100. Then Sparks transferred $50,000 to Williams' account, and Williams tried to withdraw the cash. When a bank official confronted her about this arrangement, Williams said her father was a business partner of the victim, who had authorized the transactions. While being questioned later by a police officer, Williams admitted that this explanation was not true. At the time, she did not reveal Jeffrey Sparks' identity, but she later told the police that Sparks was transferring the money and she thought he was authorized to access his grandfather's account.

Williams contends she could not be convicted of theft by taking in violation of OCGA § 16-8-2 because "[a] person commits the offense of theft by taking when he takes, or being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property regardless of the

manner in which the property is taken or appropriated." She argues the State did not prove that she took anything from the grandfather. Instead, the evidence showed Sparks was the one who transferred the funds. We disagree. From her conduct at the bank and her continued participation in the scheme, in which she retained a portion of the money taken from the grandfather's account, the jury could conclude that Williams was equally involved in the scheme with Sparks.

Although Williams testified at trial that she became involved in Sparks's scheme because he deceived her, by finding her guilty the jury rejected this version of the events. We find this evidence sufficient to sustain her conviction under the standard established in *Jackson v. Virginia*, supra.

2. Williams also contends the State failed to prove venue on two of the counts. Under our Constitution, proper venue in all criminal cases is the county in which the crime was allegedly committed and is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000). The prosecution may prove venue by direct and circumstantial evidence. Id. 902-903. Further, "[b]ecause venue is an essential element of the State's case and must be decided by a jury, only evidence presented to the jury may be considered on appeal." *Thompson v. State*, 277 Ga. 102 (586 SE2d 231) (2003) (evidence showing that criminal act at residence and that residence was located in Houston County sufficient to prove venue). In the trial of a theft by taking case, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft," OCGA § 16-8-11, and the State bears the burden of proving that the defendant exercised control over the property taken in the county where the case was prosecuted. *Collins v. State*, 170 Ga. App. 753, 754 (2) (318 SE2d 492) (1984).

Williams relies upon the testimony that in the two counts in question, Williams, in person, withdrew funds from her account at a bank located in Banks County, but she was accused of theft and tried in Jackson County. She argues that venue was not proper in Jackson County because she exerted no meaningful control over the funds until she withdrew them in Banks County. We disagree. This argument confuses control with possession, and our law only requires that she control the property, not possess it. In this case, both the victim and Williams had accounts in the same bank in Jackson County. When the money was transferred into her account in Jackson County, Williams exercised control over the funds. She could control the disposition of the funds at her direction through a check, transfer, withdrawal, or other direction. See *Gould v. State*, 273 Ga.

App. 155, 157 (2) (614 SE2d 252) (2005). Gould was convicted of taking money from a man whose account was in Switzerland by transferring the funds to an account in another country that Gould controlled. He contended that venue was not proper in Floyd County because there was no evidence that he ever received money in Floyd County or spent any money belonging to the other man in Floyd County. This court found that venue was proper in Floyd County because Gould exercised control over the money while he was located there. The same is true in this case. The money was subject to Williams' control after it entered her account in Jackson County, and thus venue was proper in Jackson County.

3. Williams also contends the trial court erred by refusing to give her requested charge on mistake of fact. Williams requested that the trial court give the Suggested Pattern Jury Instruction that "[a] person shall not be found guilty of a crime if the act (or omission to act) constituting the crime was induced by a misapprehension of fact that, if true, would have justified the act or omission." Her request was based upon her testimony that she believed Sparks had authority to withdraw money from his grandfather's account. The trial court refused to give the charge because it concluded it would confuse the jury.[1]

Even assuming that a charge on mistake of fact was warranted in this case,

> a conviction generally should not be reversed in any case, however, where the charge of the court fully and adequately covers the requisite elements of the crime charged, the requirement of criminal intent to commit the crime charged, and other material defenses thereto, and where a reasonable trier of fact could find from the evidence proof of guilt beyond a reasonable doubt. This is so because where the jury has heard the defense and has been properly charged as to the state's burden of proof, the elements of the crime and the requirement of criminal intent, and as to material defenses, a finding of guilt necessarily finds the requisite criminal intent and therefore negates any possibility that the jury, had it been charged mistake of fact, would have acquitted.

(Citation and punctuation omitted.) *Hall v. State*, 258 Ga. App. 156, 158 (2) (573 SE2d 415) (2002). As in *Hall*, the transcript in this case

---

[1] A trial court does not err by refusing to give a requested charge which, as crafted, creates a fair risk of confusing or misleading the jury when examined in light of the other charges given. See *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991).

shows that the trial court's charge fully informed the jury on the elements of theft by taking asserted against Williams, the presumption of innocence, the State's burden to prove her guilt beyond a reasonable doubt, grave suspicion, direct and circumstantial evidence, credibility of witnesses, venue, the definition of a crime, impeachment, criminal intent as an essential element of the crime, no presumption of intent, parties to the crime, the definition of theft by taking and attempt, Williams' affirmative defense that she was unaware that the property belonged to another, and her defense of honest claim of right.

Nevertheless, the jury found Williams guilty. Thus, based on the evidence of record and the charge given, we find that, even if a charge on mistake of fact had been required, any error in failing to give it was harmless. *Hall v. State*, supra, 258 Ga. App. at 158.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 27, 2009.

*Donna A. Seagraves, Carrol L. Fleming*, for appellant.
*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.