A09A1104. BUTLER v. THE STATE.
(679 SE2d 361)

BLACKBURN, Presiding Judge.

Following a jury trial, Jepter R. Butler was convicted on one count of (misdemeanor) furnishing alcoholic beverages to a person under 21 years of age.[1] He appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred in failing to give several requested jury charges, in allowing the State to make improper remarks during closing argument, and in allowing the State to amend the accusation without notice. For the reasons set forth below, we reverse.

Viewed in the light most favorable to the verdict, *Davis v. State*,[2] the evidence shows that on August 10, 2007, a 28-year-old agent and a 19-year-old investigator with the Department of Revenue's Alcohol and Tobacco Division were conducting an undercover operation to check whether or not local bars and restaurants were complying with the law prohibiting service of alcoholic beverages to persons under 21 years of age. At approximately 9:00 p.m., the agent and the investigator entered a restaurant owned by Butler and sat down at a table. Butler went to their table to take their order, and the underage investigator ordered two beers. Shortly thereafter, Butler brought the two beers to the table, for which the underage investigator paid. At no time did Butler, or any other employee of his restaurant, ask to see the investigator's identification or other proof of age. Later that night, a local police officer informed Butler that he had served an alcoholic beverage to a person under 21 years of age and issued him a citation.

---

Hughley v. Habra, 277 Ga. App. 138, 139 (625 SE2d 531) (2006).

[1] OCGA § 3-3-23 (a) (1).

[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

Butler was charged by accusation with furnishing or selling an alcoholic beverage to an underage person. He was tried by a jury and found guilty. Subsequently, he filed a motion for new trial, which the trial court denied. This appeal followed.

1. Butler contends that the trial court erred in failing to give his requested charge on circumstantial evidence under OCGA § 24-4-6. We agree.

OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." "The Supreme Court of Georgia has established a bright-line rule requiring a trial court to charge the jury on OCGA § 24-4-6 when the State introduces both direct and circumstantial evidence to support a conviction and the defendant has requested the charge." *Crutchfield v. State*.[3] See *Mims v. State*.[4] "Virtually every case contains some circumstantial evidence and, if the charge is not given, [the trial court] stands in danger of being reversed for clearly harmful and erroneous error." *Johnson v. State*.[5] See *Crutchfield*, supra, 295 Ga. App. at 492 (1).

Here, Butler submitted a written request that the trial court charge the jury on circumstantial evidence pursuant to OCGA § 24-4-6 and reiterated that request during the charge conference. The trial court charged the jury on the definition of circumstantial evidence but refused to charge on the language of OCGA § 24-4-6, finding that it was not applicable to the case. However, to convict Butler for violating OCGA § 3-3-23 (a) (1), the State relied on circumstantial evidence to show that Butler *knowingly* furnished an alcoholic beverage to a person under 21 years of age. Specifically, the State had no direct evidence of Butler's knowledge of the investigator's age, but relied on Butler's failure to ask the investigator for identification or proof of age, from which the jury was allowed to draw an inference of knowledge. Furthermore, the evidence of Butler's knowledge of the investigator's age was hardly overwhelming. Thus, the trial court erred in failing to give a charge on circumstantial evidence under OCGA § 24-4-6. See *Davis v. State*;[6] *Massey v. State*.[7]

Because these issues may arise on retrial, we now address Butler's remaining enumerations of error.

2. Butler contends that the trial court erred in failing to give his

[3] *Crutchfield v. State*, 295 Ga. App. 490, 492 (1) (672 SE2d 467) (2009).
[4] *Mims v. State*, 264 Ga. 271, 272-273 (443 SE2d 845) (1994).
[5] *Johnson v. State*, 210 Ga. App. 99, 100 (1) (435 SE2d 458) (1993).
[6] *Davis v. State*, 285 Ga. 176, 177 (2) (674 SE2d 879) (2009).
[7] *Massey v. State*, 270 Ga. 76, 77 (2) (a) (508 SE2d 149) (1998).

requested jury charges on mistake of fact and on the State's need to show his knowledge of the investigator's age. Specifically, he argues that his sole defense was his mistaken belief that the underage investigator was 21 years of age or older or that he did not know that the investigator was under 21, and thus that the trial court's failure to charge the jury on mistake of fact and on the State's need to prove Butler's knowledge constituted reversible error. We disagree.

The transcript in this matter shows that the trial court's charge fully informed the jury on the requirement that Butler *knowingly* furnish alcoholic beverages to an underage person under OCGA § 3-3-23 (a) (1), the presumption of innocence, the State's burden to prove Butler's guilt beyond a reasonable doubt, credibility of witnesses, and criminal intent as an essential element of the crime. Furthermore, the court also charged the jury, pursuant to OCGA § 3-3-23 (h), that in any case where a reasonable person could reasonably be in doubt as to whether or not the person to whom an alcoholic beverage was furnished is 21 years of age or older, it was the defendant's duty to request identification and that the defendant's failure to do so could be considered by the jury in determining if he furnished such alcoholic beverage *knowingly*. Thus, the court's charge covered the principle of the State's need to show Butler's knowledge of the investigator's age and also covered the principle of misapprehension of fact set forth in Butler's requested "mistake of fact" instruction. See OCGA § 16-3-5 ("[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission"). As the requested charges on knowledge and "mistake of fact" would have been essentially redundant, the court did not err in failing to give them. See *Hall v. State*.[8] See also *Williams v. State*;[9] *Griffith v. State*;[10] *Copeland v. State*;[11] *Mitchell v. State*.[12] Accordingly, these enumerations present no basis for reversal.

3. Butler contends that the trial court erred in allowing the State to make improper remarks during closing argument. We disagree.

"As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion." (Punctuation omitted.) *Brown v. State*.[13] Here, shortly after the prosecutor began his

[8] *Hall v. State*, 258 Ga. App. 156, 158 (2) (573 SE2d 415) (2002).
[9] *Williams v. State*, 297 Ga. App. 150, 152 (3) (676 SE2d 805) (2009).
[10] *Griffith v. State*, 286 Ga. App. 859, 864 (7) (650 SE2d 413) (2007).
[11] *Copeland v. State*, 263 Ga. App. 776, 780 (2) (589 SE2d 319) (2003).
[12] *Mitchell v. State*, 233 Ga. App. 92, 94-95 (5) (503 SE2d 293) (1998).
[13] *Brown v. State*, 293 Ga. App. 633, 637 (1) (d) (ii) (667 SE2d 899) (2008).

132

closing argument, he stated: "You're all mature residents of Glynn County, you know what the argument is, it's an argument of public safety to protect our young people against themselves, to protect the bar owners from serving limber-legged teenagers, to protect the public that might be out there driving or walking. . . ." At that point, Butler objected but was overruled by the trial court, and the prosecutor continued to argue that undercover operations like the one that resulted in Butler's citation were conducted for public safety reasons. Butler argues that the trial court erred in overruling his objection. However, "a prosecutor may appeal to the jury to convict for the safety of the community or argue to the jury the necessity for enforcement of the law." (Punctuation omitted.) *Jenkins v. State*.[14] See *Clark v. State*.[15] Accordingly, the trial court did not abuse its discretion in overruling Butler's objection to the State's closing argument.

4. Butler further contends that the trial court erred in allowing the State to amend the accusation without notice. We disagree.

The original accusation in this matter provided in part that Butler "did knowingly furnish or sell an alcoholic beverage, to wit: Two (2) 12 Ounce Miller Beers, to Devon Gore [the underage investigator]/Courtney Edwards [the Department of Revenue agent], a person under 21 years of age." At trial, after the State rested, Butler moved to present a general demurrer to the accusation based on the fact that both the agent and the investigator were listed as the person to whom Butler sold the alcoholic beverages. At that point, the trial court informed Butler that the agent's name had a line drawn through it in the current copy of the accusation, indicating that the State was not seeking a conviction for Butler's sale of an alcoholic beverage to the agent, who was over 21 years old. Butler immediately moved for a mistrial, which the trial court denied. He now contends that the trial court erred in denying his motion for a mistrial, arguing that the State's failure to serve him with the amended accusation violated Ga. Const. of 1983, Art. I, Sec. I, Par. XIV and OCGA §§ 17-16-21 and 17-7-71 (f).

OCGA § 17-7-71 (f) provides:

> Prior to trial, the prosecuting attorney may amend the accusation . . . to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation. . . . A copy of any such amendment shall be served upon the defendant

---

[14] *Jenkins v. State*, 281 Ga. 24, 25 (3) (635 SE2d 714) (2006).
[15] *Clark v. State*, 285 Ga. App. 182, 184 (2) (645 SE2d 671) (2007).

or his or her counsel and the original filed with the clerk of the court. On motion, the court shall grant the defendant a continuance which is reasonably necessitated by an amendment. If any additional charges against the defendant are made the judge shall advise the defendant that he or she has an automatic right to a continuance.

Here, Butler has not shown that the accusation was amended after the commencement of his trial. Even assuming that it were, we note that "[a] trial court is not, however, required to grant a mistrial or continuance if the State amends an accusation after the commencement of the trial and the amendment is not material or prejudicial to the defense." *Kall v. State*.[16] See *Romo v. State*;[17] *Melton v. State*.[18] Although based on the record we are unable to determine whether Butler was served with a copy of the amended accusation, it is doubtful that he was surprised by the change given the fact that prior to his moving for a mistrial, both the agent and the underage investigator had testified extensively as to their respective roles in the undercover operation. In fact, Butler has made no showing that the deletion of the agent's name in the amended accusation "impeded his ability to present a defense in any way." *Romo*, supra, 288 Ga. App. at 241 (2). Accordingly, the trial court did not abuse its discretion in denying Butler's motion for a mistrial and in proceeding with trial.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED MAY 28, 2009.

*Clark & Williams, Jason R. Clark, Nathan T. Williams*, for appellant.
*Maria S. Lugue, Solicitor-General*, for appellee.

---

[16] *Kall v. State*, 257 Ga. App. 527, 527 (1) (571 SE2d 520) (2002).
[17] *Romo v. State*, 288 Ga. App. 237, 241 (2) (653 SE2d 832) (2007).
[18] *Melton v. State*, 174 Ga. App. 461, 462 (2) (330 SE2d 398) (1985).