## A02A2163. NAYLOR v. THE STATE.
### (572 SE2d 410)

PHIPPS, Judge.

Richard Naylor was convicted in the Superior Court of Fayette County of theft by taking $125,000 in United States currency from Mustang Construction Company (Mustang). Following denial of his motion for new trial, Naylor appeals his conviction. He challenges the sufficiency of the evidence to establish venue in Fayette County. Finding merit in this challenge, we reverse.

The State's leading witness was Charles Joiner, the president of Mustang. At all times relevant to the events in this case, Joiner resided in Fayette County, and Mustang maintained an office and bank account there. Naylor resided in Florida. In response to an advertisement in an aviation magazine, Joiner began a series of fax and telephone communications from his home and Mustang's office in Fayette County to Naylor in Florida. The two eventually agreed that Naylor would build a helicopter for Joiner for $175,000. Joiner agreed to make a down payment of $125,000. After Naylor provided Joiner with information concerning the bank account to which the down payment was to be wired, Joiner telephoned Mustang's accountant in North Carolina and instructed him to wire the $125,000 from Mustang's NationsBank account to Naylor's First Union bank account in Jacksonville, Florida. NationsBank has offices in North Carolina and in Georgia. The accountant wired the money as instructed. Because Naylor neither produced the helicopter

nor refunded the down payment, he was charged with theft by taking in Fayette County, Georgia.

"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[1] In a prosecution for theft by taking, the crime shall be considered as having been committed, and venue is thus established, in any county in which the accused exercised control over the property which was the subject of the theft.[2] Venue is a jurisdictional fact which must be proven beyond a reasonable doubt.[3]

In its order denying Naylor's motion for new trial, the trial court ruled that venue in Fayette County was proven beyond a reasonable doubt based on evidence authorizing the jury to find that the $125,000 down payment was wired to Naylor in Florida from Mustang's NationsBank account in Fayette County. The trial court concluded that under this court's decision in *DeVine v. State*,[4] as well as the decision of the Texas Court of Appeals in *Bailey v. State*,[5] the jury could have found that Naylor briefly exercised control over the funds in Fayette County. Neither *DeVine* nor *Bailey* supports the court's conclusion.

*Stowe v. State*,[6] cited in *DeVine*,[7] recognized that in theft by conversion cases, where the allegedly converted property is money, two basic options are available to the State regarding venue.

> First, the state can proceed in the county where the accused received the money. There is sound authority that the accused exercised control over the money there. [Cits.] Second, the state can produce evidence tracing funds disbursed [(i.e., spent)] in one county (where the case is being prosecuted) back to the account or other source in the origin county, showing further that the funds were not disbursed in accordance with the contract provisions governing the use of the funds.[8]

Here, there is no evidence that Naylor received the money in Fayette County. And the State did not show that Naylor spent any of the

---

[1] OCGA § 16-8-2.
[2] OCGA § 16-8-11.
[3] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).
[4] 229 Ga. App. 346 (494 SE2d 87) (1997).
[5] 885 SW2d 193 (Tex. App. 1994).
[6] 163 Ga. App. 535 (295 SE2d 209) (1982).
[7] Supra, 229 Ga. App. at 347-348 (1).
[8] *Stowe*, supra, 163 Ga. App. at 537 (4).

money in Fayette County. Consequently, the State did not establish venue in Fayette County under either method envisioned by *Stowe*.

In *DeVine*, we recognized the possibility that a Florida resident who had been appointed executor of a will in Fayette County, Georgia, had briefly exercised control over funds in Fayette County, where the Fayette County Probate Court had released the funds for the creation of a trust, and the funds had been transferred directly to bank accounts in Florida.[9] From reading *DeVine*, however, it is not clear who transferred the funds from Fayette County to bank accounts in Florida. We presume it was DeVine. In this case, although the evidence may have shown that Joiner exercised control over funds in Fayette County by directing Mustang's accountant to wire money to Naylor's bank account in Florida, there is no evidence that Naylor exercised control over the money until it had been transferred into his Florida account.

*Bailey*, likewise, is distinguishable. The defendant in *Bailey* was an investment broker who, acting as fiduciary, had the initial right to exercise control over a corporate checking account in a bank in Dallas, Texas. He secretly incorporated a separate entity with the same name as the corporation, opened a personal account under the name of the corporation, then transferred the corporation's funds to the personal account, and used them for his own benefit. This evidence supported a finding that the defendant unlawfully exercised control over the corporation's funds in a particular county, which thus supported venue in that county for a theft prosecution. Unlike the defendant in *Bailey*, Naylor exercised no control in Fayette County, authorized or otherwise, over the funds held by Joiner in a Fayette County bank.

Consequently, venue was not established in Fayette County beyond a reasonable doubt.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 11, 2002.

*Jackie G. Patterson*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.

---

[9] *DeVine*, supra, 229 Ga. App. at 349, n. 4.