A05A0707. GOULD v. THE STATE.
(614 SE2d 252)

JOHNSON, Presiding Judge.

A Floyd County jury found Dennis Gould guilty of theft by taking. Gould appeals, contending (1) the evidence was insufficient to support his conviction, (2) the trial court erred in not dismissing the case for lack of venue, (3) the trial court erred in refusing to grant him a continuance to obtain counsel or prepare himself for trial, and (4) the trial judge did not follow proper procedure when confronted with a request to disqualify him. We find no error and affirm Gould's conviction.

1. Gould contends the evidence was insufficient to support his conviction for theft by taking. We disagree. "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the

manner in which the property is taken or appropriated."[1]

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Gould and Guillermo Gonzalez-Holguin ("Gonzalez") met in Atlanta to discuss investing in United States Government securities. Gould explained the system, the possible return on the investment, and his commission fees. Subsequently, Gonzalez made two separate transfers of money to Gould, totaling over four million dollars. Gonzalez transferred the funds from his account in Switzerland to an account controlled by Gould in St. Vincent in the Grenadines. Gonzalez later became concerned about his money because Gould did not return his phone calls. Gonzalez demanded return of the money and brought the matter to the state's attention. An investigation revealed that Gould had set up various entities through an agent in Las Vegas and had directed the transfer of portions of the money to a number of entities, including banks, corporate entities owned by Gould, a car dealership in Atlanta, Gould's ex-wife, and educational grants on behalf of his ex-wife's son. The evidence further showed that the money was not transferred for Gonzalez's benefit or use.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[3] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[4] "To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of a defendant's guilt and whether circumstances are sufficient for that purpose was a question for the jury which, here, resolved the conflicts against [Gould]."[5] The evidence here was sufficient for a rational trier of fact to find Gould guilty beyond a reasonable doubt of theft by taking.[6]

2. Gould argues that the trial court erred in denying his motion to dismiss and motion for a new trial based on a lack of venue. As an

---

[1] OCGA § 16-8-2.

[2] *Rasch v. State*, 260 Ga. App. 379, 386 (3) (579 SE2d 817) (2003).

[3] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[4] *Westbrooks v. State*, 263 Ga. App. 566 (1) (588 SE2d 335) (2003).

[5] *McMillan v. State*, 266 Ga. App. 729, 731 (1) (a) (598 SE2d 17) (2004).

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Rasch*, supra at 388-389 (3) (b).

appellate court, we view the evidence in the light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.[7] We must bear in mind that the state may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence.[8] Viewed in this light, we find no error.

In a prosecution for theft by taking, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft."[9] Venue is a jurisdictional fact which must be proven beyond a reasonable doubt.[10]

Here, the evidence shows that Gould resided in Floyd County during the course of doing business with Gonzalez and that documents authored by Gould show a Floyd County address and phone number. Citing *Naylor v. State*,[11] Gould argues that venue was not established in Floyd County because there was no evidence that he ever received money belonging to Gonzalez in Floyd County or spent any money belonging to Gonzalez in Floyd County. While we agree with Gould's assertions that the evidence did not show that he ever received or spent any of Gonzalez's money in Floyd County, we disagree with Gould's conclusion that venue in Floyd County was improper.

Here, unlike in *Naylor*, the evidence shows that Gould clearly exercised control over money belonging to Gonzalez while he resided in Floyd County. Gould's Las Vegas agent testified that Gould directed him to make certain transfers out of the St. Vincent account funded by Gonzalez. During the time that Gould gave him directions for the transfers, the Las Vegas agent believed that Gould resided in Floyd County. In fact, Gould directed the transfer of these funds using letterhead showing a Floyd County address and phone number. As we recognized in *Naylor* and hold in the present case, an individual can exercise control over funds by directing a wire transfer,[12] and, pursuant to OCGA § 16-8-11, venue will lie in the county where the individual exercises control over the funds. The trial court did not err in denying Gould's motion to dismiss and motion for new trial on this ground.

[7] See *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).
[8] Id.
[9] OCGA § 16-8-11.
[10] See *Naylor v. State*, 257 Ga. App. 899, 900 (572 SE2d 410) (2002).
[11] Id.
[12] See id. at 901.

3. Gould contends the trial court erred in denying his oral motion for a continuance, made on the day his trial was scheduled to commence, to obtain substitute counsel or prepare himself for trial. This contention is meritless.

A motion for continuance is addressed to the sound discretion of the trial judge, and the refusal to grant it will not be disturbed absent clear abuse of discretion.[13] Denial of a continuance may be proper where the defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay.[14]

Here, the record shows that Gould obtained appointed counsel on August 22, 2003. His counsel filed a number of documents and invested a great deal of time in preparation for trial. On May 10, 2004, when the case was called for trial, Gould informed the trial court that he wished to terminate his counsel because he believed him to be ineffective. We agree with Gould that he had the right to seek his own counsel at his own expense, but here he had many months before the trial to exercise that right, and he had never claimed that his appointed counsel was ineffective prior to this time. Under the circumstances, we cannot say the trial court abused its discretion in denying Gould's motion for continuance, made on the day of trial, in order to hire new counsel or prepare himself for trial.[15] "The trial court was justified in preventing [Gould] from using a last-minute discharge of counsel as a dilatory tactic."[16]

4. Gould filed an Affidavit of Prejudice, alleging he could not have a fair and impartial trial before the trial judge, or with any other judge in the Superior Court of Floyd County. The trial judge received the affidavit after the jury had been selected. The trial judge reviewed the affidavit and determined that it was insufficient upon its face to disqualify any judge in Floyd County. He then denied any apparent motion to recuse or disqualify himself and any other judges of the court. Gould asserts as error the trial judge's denial of his motion. According to Gould, the trial judge should have recused himself under Canon 3, Section E (1) of the Code of Judicial Conduct. Gould further asserts that the trial judge should have called in another judge to determine the sufficiency of the motion. We disagree.

Uniform Superior Court Rule 25.3 discusses the duty of a trial judge when presented with a motion to recuse:

---

[13] See *Dally v. State*, 237 Ga. App. 577, 578 (2) (516 SE2d 87) (1999).

[14] See *Wilson v. State*, 231 Ga. App. 621 (1) (500 SE2d 387) (1998).

[15] See *Flowers v. State*, 275 Ga. 592, 593-594 (2) (571 SE2d 381) (2002); *Choat v. State*, 246 Ga. App. 475, 476 (1) (540 SE2d 289) (2000).

[16] *Sanders v. State*, 245 Ga. App. 701, 702 (1) (538 SE2d 772) (2000).

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse.

If all three of the conditions precedent set forth in Uniform Superior Court Rule 25.3 are not met, the trial judge shall deny the motion on its face as insufficient, and there is no need for the trial judge to assign the motion to another judge to hear.[17] "It is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious."[18] Here, the trial judge did not err in denying Gould's motion to recuse because the facts set forth in Gould's affidavit were legally insufficient to warrant recusal.

Gould argues on appeal that recusal was required under Canon 3, Section E (1) (c) (ii) of the Code of Judicial Conduct. Under this rule, "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where . . . the judge . . . is acting as a lawyer in the proceeding."[19] The phrase "impartiality might reasonably be questioned" means

> a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference. . . . The trial judge, assuming the truth of any facts alleged, must determine the legal sufficiency of the grounds for such perception, whether a reasonable person might conclude that the judge harbors a bias, stemming from an extra-judicial source, which is of such a nature and intensity that it would impede the exercise of impartial judgment.[20]

---

[17] See *Kelly v. State*, 238 Ga. App. 691, 692 (1) (520 SE2d 32) (1999).

[18] (Citations and punctuation omitted.) Id.

[19] Canon 3 (E) (1) (c) (ii).

[20] (Citations and punctuation omitted). *Kelly*, supra at 693.

Gould did not present any evidence that would lead a trier of fact to conclude that the court's impartiality was in question or that this particular trial judge possessed any bias against him or in favor of the state. Gould also did not present any evidence showing that the trial judge was acting as a lawyer in the proceeding. Gould's affidavit asserted the following:

> Affiant believes that Plaintiff and Judge in said case are conspiring against Affiant by failing to produce a bona fide unaltered, original, Contract between Affiant and Plaintiff.
>
> Affiant has reason to believe and does believe that Judge F. Larry Salmon is biased and prejudiced against Affiant and he can not and could not be in the proceedings herein against Affiant exercise the authority/obligation and responsibility of Judge to remain impartial in said case.
>
> Affiant absolutely believes that he can not have a fair and impartial hearing with any Superior Court Judge from Floyd County.
>
> Said Judge did give Plaintiff an extension of time on two separate occasions against Affiant without Affiant's consent [sic] a fraud upon the court.

The affidavit does not contain specific evidence that the trial judge had any bias or prejudice against Gould, and from our examination of the record, we find none.

To merit recusal, "any alleged bias must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment."[21] Because the facts presented in Gould's affidavit do not require recusal, the trial court properly denied the recusal motion and was not required to refer the motion to another judge for decision.[22] We find no abuse of discretion in the trial court's denial of Gould's motion to disqualify.[23]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

---

[21] (Citations and punctuation omitted.) *Phillips v. State*, 267 Ga. App. 733, 736 (2) (601 SE2d 147) (2004).

[22] See *Kelly*, supra at 694.

[23] See *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000) (abuse of discretion standard).

DECIDED MAY 3, 2005.

*Ronald G. Shedd*, for appellant.
*Leigh E. Patterson, District Attorney, Harold W. Goldin, Jr., Assistant District Attorney*, for appellee.