A08A0318. ROGERS v. THE STATE.
(663 SE2d 789)

RUFFIN, Presiding Judge.

A jury found William Anthony Rogers guilty of two counts of theft by taking. On appeal, Rogers challenges the sufficiency of the

evidence. He also contends that the trial court erred in admitting similar transaction evidence and that he received ineffective assistance of trial counsel. For reasons that follow, we find that Rogers' enumerations of error lack merit, and we affirm.

1. On appeal from his criminal convictions, Rogers no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to support the jury's verdict.[1] In so doing, we neither weigh the evidence nor determine witness credibility, but merely determine whether the evidence was sufficient.[2] "As long as there is some evidence, even though contradicted, to support each necessary element of the [S]tate's case, this Court will uphold the jury's verdict."[3]

Viewed in this manner, the evidence shows that Rogers was employed by Bantec West, a company that serviced ATMs. In order to service an ATM, an employee would retrieve tamper-proof bags of money from company headquarters. At the ATM, he would use a "Mas Hamilton" key, which contained a computer chip, and a PIN to access the machine. The employee would then remove the money that was in the machine and place that money in another tamper-proof bag before re-stocking the ATM with the money from the new bag. The money removed from the ATM would be returned to company headquarters for verification.

Rogers serviced an ATM on December 16, 2004, and it was subsequently discovered that the machine had a $6,000 shortage. Since Rogers had loaded the machine, he was interviewed regarding the missing money. Initially, Rogers said he did not know what had happened to the money, but if the company "gave him a couple of days, he [could] probably come up with a reasonable explanation as to what actually happened." Rogers subsequently reported that he had found the money on the floor of his vehicle, which he then loaded into a different ATM in order to, as he explained, "cover his tracks." An audit of this ATM showed that Rogers had accessed the machine on December 28, 2004, and it had an "overage" of $6,500.

After this transpired, the company performed a detailed audit of ATMs serviced by Rogers. The audit revealed that Rogers had been using his Mas Hamilton key card to access ATMs late at night after normal business hours. Two of the machines accessed by Rogers showed significant shortages. A December 31, 2004 audit showed that a machine Rogers serviced on December 23, 2004 had a shortfall of $60,000. Given the even amount of the shortage, the loss was

---

[1] See *Gould v. State*, 273 Ga. App. 155, 156 (1) (614 SE2d 252) (2005).
[2] See id.
[3] Id.

attributed to Rogers, although others accessed the machine between the service date and the audit.[4] The audit also showed that a machine Rogers accessed in the early morning hours of December 28, 2004 had a shortage of $31,280.

Rogers testified and claimed that he would be sent late to check on machines that had been serviced by others. But an investigator for the company testified that there was no reason for Rogers to check the ATM on December 28 and that, in any event, there would be no cause for removing the cassettes from which money was taken. Based upon the evidence presented, the jury found Rogers guilty of two counts of theft by taking.

On appeal, Rogers contends that the evidence was insufficient to sustain his convictions. Specifically, Rogers asserts that the evidence was merely circumstantial and that others had access to the ATMs and thus could have committed the crimes. In order to support a verdict, circumstantial evidence does not need to exclude *every* hypothesis other than a defendant's guilt, only the *reasonable* hypotheses.[5] Whether a hypothesis is reasonable or not is an issue for the jury.[6] "It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial."[7]

As this case involves a crime of deception, it must necessarily be proven by circumstantial evidence.[8] And here, the evidence shows that Rogers had a computerized key, which allowed him access to the ATMs where money had been taken and that he used this access card after regular business hours when the money was taken. Under these circumstances, the jury was authorized to find Rogers guilty of the two counts of theft by taking.[9]

2. In two enumerations of error, Rogers contends that the trial court erred in admitting similar transaction evidence. In particular, he argues that the testimony regarding the $6,000 shortage, which prompted the investigation, constituted a similar transaction. According to Rogers, the State was required to provide notice and conduct a hearing pursuant to Uniform Superior Court Rule 31.3 before such evidence could be admitted. We disagree.

---

[4] According to a witness for the State, the people who accessed the machine during that time were "deposit pullers" who would empty the machine of banking deposits. The witness testified that the machine would be opened less than a minute for this type of service.

[5] See *Espinosa v. State*, 285 Ga. App. 69, 71 (1) (645 SE2d 529) (2007).

[6] See id.

[7] Id.

[8] See *Champion v. State*, 260 Ga. App. 12, 14 (1) (579 SE2d 35) (2003).

[9] See id.; *Stack-Thorpe v. State*, 270 Ga. App. 796, 802-803 (5) (608 SE2d 289) (2004).

"[T]he general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime *wholly independent from* that for which he is on trial is irrelevant and inadmissible."[10] However, an exception exists "where evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime."[11] Moreover, "declarations and circumstances forming a part of the continuation of the main transaction are admissible as res gestae."[12]

In this case, the evidence shows that Bantec undertook its investigation of Rogers after discovering the $6,000 shortage. Thus, this previous incident cannot be fairly described as "wholly independent" of the crimes for which Rogers was on trial. Under the circumstances of this case, the testimony regarding the initial investigation did not constitute similar transaction evidence requiring notice and a hearing.[13] It follows that the trial court did not err in admitting such evidence.

3. In his final enumeration, Rogers contends that he received ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, Rogers must show not only that his attorney's performance was deficient, but also that the deficient performance so prejudiced his defense that there is a reasonable likelihood that, but for counsel's errors, the trial may have had a different outcome.[14] "We will affirm a trial court's ruling on a claim of ineffective assistance of counsel unless the ruling is clearly erroneous."[15]

(a) According to Rogers, trial counsel rendered ineffective assistance by failing to challenge the admissibility of the $6,000 shortage as a similar transaction. As we found in Division 2, however, this evidence was admissible. "Since the testimony was admissible, an objection to it would have been without merit, and failure to make a meritless objection does not constitute ineffective assistance of counsel."[16]

---

[10] (Punctuation omitted; emphasis in original.) *Hight v. State*, 195 Ga. App. 727, 729-730 (5) (394 SE2d 636) (1990).

[11] (Punctuation omitted.) *Cartledge v. State*, 285 Ga. App. 145, 148 (3) (645 SE2d 633) (2007).

[12] (Punctuation omitted.) *Kitchens v. State*, 235 Ga. App. 349, 351 (1) (509 SE2d 391) (1998).

[13] See *Stirrat v. State*, 226 Ga. App. 350, 352 (2) (b) (486 SE2d 640) (1997).

[14] See *Williams v. State*, 285 Ga. App. 190, 193 (3) (645 SE2d 676) (2007).

[15] Id.

[16] (Punctuation omitted.) *Breazeale v. State*, 290 Ga. App. 632, 634 (2) (660 SE2d 376) (2008).

(b) Rogers also argues that counsel's "performance was deficient because he failed to request a continuance and adequately prepare [Rogers] for cross examination." "As a general rule, sweeping allegations of ineffective assistance with only the barest of reference to the record are insufficient to establish an ineffectiveness claim."[17] Thus, to the extent that Rogers generally alleges that his trial counsel could have been better prepared, we find this argument unavailing.

However, Rogers also argues that his attorney was ineffective in failing to seek a continuance because the State provided late discovery. The discovery contained Rogers' letter of resignation dated December 29, 2004, which the State tendered into evidence. Rogers' attorney admittedly "missed" seeing the letter. According to Rogers, the admission of the letter prejudiced him. However, Rogers fails to clarify how the admission of this letter prejudiced his defense. Moreover, he fails to show — or even to argue — that the letter of resignation would have been inadmissible had the attorney objected.[18] Thus, Rogers' contention that additional preparation on the part of counsel might have altered the outcome of the trial is mere speculation, which is insufficient to sustain an ineffectiveness claim.[19]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 19, 2008.

*Robert Kenner, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[17] (Punctuation omitted.) *Lawson v. State*, 280 Ga. App. 870, 873 (2) (c) (635 SE2d 259) (2006).

[18] See *Collins v. State*, 170 Ga. App. 753, 757 (5) (318 SE2d 492) (1984) (letter of resignation admissible in prosecution for theft from employer).

[19] See *Hampton v. State*, 279 Ga. 625, 628 (5) (619 SE2d 616) (2005); *Godfrey v. State*, 274 Ga. App. 237, 241-242 (2) (617 SE2d 213) (2005).