**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 12, 2013**

# In the Court of Appeals of Georgia

A13A0151. DAVIS v. THE STATE.

PHIPPS, Chief Judge.

Charles Davis was convicted in the Superior Court of Morgan County of two counts of theft by deception,[1] in connection with his receipt of funds sent by wire transfer. Davis appeals, contending, among other things, that the trial court erred by denying his motion for new trial, in which he complained that the state had failed to prove that venue was proper in Morgan County. Because there was no evidence that Davis had exercised control over the funds in Morgan County, we reverse. However, inasmuch as "[t]he failure to establish venue does not bar retrial in a court where

---

[1] OCGA § 16-8-3.

venue is proper and proven,"[2] the state is authorized to retry Davis in the proper venue.[3]

1. "Venue is a jurisdictional fact[ ] and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt."[4] Venue is a matter to be decided by the jury, and the jury's decision will not be set aside if there is any evidence to support it.[5]

"A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property."[6] In a theft by deception case, "the crime shall be considered as having been committed in any county in which the accused exercised control over the

---

[2] See *Bradley v. State*, 272 Ga. 740, 744 (3) (533 SE2d 727) (2000) (citation omitted).

[3] Id.

[4] *Bell v. State*, 284 Ga. 790, 792 (1) (671 SE2d 815) (2009) (citation and punctuation omitted).

[5] *Jones v. State*, 245 Ga. 592, 596 (2) (266 SE2d 201) (1980).

[6] OCGA § 16-8-3 (a).

property which was the subject of the theft."[7] Consequently, the state bears the burden of proving that the defendant exercised control over the property taken in the county where the case was prosecuted.[8]

In about April 2009, G. E. received a telephone call in her Morgan County home and was told that she had won a contest. G. E. did not know the identity of the caller (and it was stipulated that there was no evidence that Davis had ever telephoned G. E.). The caller told G. E. that to claim the prize she would have to pay fees and taxes, which funds she was told to send by wire transfer. The caller directed G. E. to wire the funds to several individuals in the "Atlanta area," including Davis.

In September 2009, from drug stores in Morgan County, G. E. sent two wire transfers of funds to Davis. Davis, who resided in Marietta, picked up the funds in grocery and check cashing stores on Delk Road in Marietta and on Cobb Parkway in Smyrna. G. E. never received any prize.

---

[7] OCGA § 16-8-11 (applies to theft prosecutions under OCGA § § 16-8-2 through 16-8-9 and 16-8-13 through 16-8-15); *Moore v. State*, 153 Ga. App. 49 (1) (264 SE2d 538) (1980).

[8] See *Bearden v. State*, 316 Ga. App. 721, 724 (2) (728 SE2d 874) (2012); *Williams v. State*, 297 Ga. App. 150, 151 (2) (676 SE2d 805) (2009).

When asked at trial by the prosecutor "what county and state did [G. E.] wire the money pursuant to the instructions she received on her telephone?", an investigator with the sheriff's department testified: "Cobb County, Georgia." The prosecutor then clarified: "No. I mean what county and state did [G. E.] wire it from?" The officer replied, "Oh. Morgan County, Georgia. I'm sorry." Having thus adduced no evidence that Davis controlled any of the funds in Morgan County, the state failed to prove that venue was proper in that county.[9]

The state posits, however, that it had a choice of venue in either county – Morgan County because the funds were taken from or relinquished by G. E. in Morgan County, or Cobb County because Davis received the funds in Cobb County.

---

[9] See *Moore*, supra (reversing theft by deception conviction where there was no evidence that the accused had exercised, in the county where he was being prosecuted, any control over the property which was the subject of the theft); see generally *Naylor v. State*, 257 Ga. App. 899 (572 SE2d 410) (2002) (reversing Fayette County theft by taking conviction where the victim wired funds from Fayette County to the accused in Florida, but the accused never possessed or exercised control over the funds in Fayette County). Compare *Gould v. State*, 273 Ga. App. 155, 157 (2) (614 SE2d 252) (2005) (in theft by taking case, venue was established in Floyd County because evidence showed that accused had exercised control over victim's money in that county; although accused asserted that there was no evidence that he had received or spent the victim's money in Floyd County, there was evidence that the accused resided in Floyd County, directed his agent to transfer the money while (his agent believed) the accused was residing in Floyd County, and directed said transfers using letterheads showing a Floyd County address and phone number).

But the state's contention essentially disregards the applicable law: in a theft by deception case, "the crime shall be considered as having been committed in any county in which *the accused exercised control over the property* which was the subject of the theft."[10]

The cases upon which the state relies to support its position, *Gautreaux v. State*[11] and *Hawkins v. State*,[12] are inapposite. In those cases, unlike in the instant case, there was evidence that the accused had exercised control over the property at issue in the county in which he was being prosecuted.[13] Because in this case the state failed to demonstrate the existence of venue in Morgan County beyond a reasonable doubt, Davis's convictions of theft by deception must be reversed.[14] As noted above, he may be retried in the proper venue.[15]

---

[10] OCGA § 16-8-11 (emphasis supplied).

[11] 314 Ga. App. 103 (722 SE2d 915) (2012).

[12] 167 Ga. App. 143 (305 SE2d 797) (1983).

[13] *Gautreaux*, supra at 104-106 (1); *Hawkins*, supra at 147-148 (5).

[14] See *Moore*, supra; see generally *Naylor*, supra at 901.

[15] See *Bradley*, supra.

5

2. In light of our holding in Division 1, supra, we do not reach Davis's remaining claims of error.

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*