[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12195
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-3999-SCJ

CHARLES ALLISON DAVIS,

Plaintiff-Appellant,

versus

ROBERT MARKLEY,
Sheriff, Morgan County,
SGT. MICHAEL GHIOTO,
Morgan County,
SGT. KEVIIN BRISKCOE,
Morgan County,
FRED D. BRIGHT,
District Attorney Ocmulgee Circuit,
ALISON BURLESON,
Assistant District Attorney Morgan County, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 6, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

This case stems from Charles Davis's prosecution in the Superior Court of Morgan County, Georgia, on two counts of theft by deception in connection with his receipt of funds sent by wire transfer.  The evidence against Davis included the following:

> In about April 2009, G.E. [the victim] received a telephone call in her Morgan County home and was told that she had won a contest. G.E. did not know the identity of the caller (and it was stipulated that there was no evidence that Davis had ever telephoned G.E.).  The caller told G.E. that to claim the prize she would have to pay fees and taxes, which funds she was told to send by wire transfer.  The caller directed G.E. to wire the funds to several individuals in the "Atlanta area," including Davis.

> In September 2009, from drug stores in Morgan County, G.E. sent two wire transfers of funds to Davis.  Davis, who resided in Marietta, picked up the funds in grocery and check cashing stores on Delk Road in Marietta and on Cobb Parkway in Smyrna.  G.E. never received any prize.

*Davis v. State*, 747 S.E.2d 19, 20 (Ga. Ct. App. 2013).  A jury convicted Davis. The Georgia Court of Appeals reversed his convictions because the State "failed to demonstrate the existence of venue in Morgan County."  *Id.*  In reversing the convictions, however, the court noted that Davis "may be retried in the proper venue."  *Id.* at 21.

On April 23, 2014, Davis, acting *pro se* and seeking leave to proceed *in forma pauperis*, brought the lawsuit now before us.  His complaint alleges that

2

his arrest and prosecution for the theft-by-deception offenses were baseless and therefore in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.   Davis named as defendants Ocmulgee Circuit District Attorney Fred  D.  Bright;  Morgan  County  Assistant District  Attorney  Alison Burleson; Catherine  T.  McMahon, an Ocmulgee Circuit intern; Morgan County Sheriff  Robert  Markley; and two of his deputies, Michael Ghioto  and  Kevin Briskcoe.  Davis seeks damages against these defendants in their individual capacities under 42 U.S.C. § 1983.[1]

The District Court, interpreting Davis's complaint as presenting claims for false arrest and malicious prosecution, dismissed it *sua sponte* for failure to state a claim and for seeking "monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).  The court concluded that Davis's malicious-prosecution claims against Bright, Burleson, and McMahon were barred by absolute immunity because the complaint failed to allege that their conduct was outside their roles as prosecutors, and that Davis's allegations against Markley, Ghioto, and Briskcoe, the arresting officers, failed because the complaint did not allege that they acted with malice or without probable cause.

Davis now appeals the dismissal.  We affirm.

---

[1] Davis also sued all six defendants in their official capacities.

3

Sections 1915(e)(2)(B)(ii) and (iii) provide that a district court shall at any time dismiss a case proceeding *in forma pauperis* if it determines that the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

We review a dismissal for failure to state a claim *de novo.  Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  A complaint is subject to dismissal under § 1915(e)(2)(B)(ii) if it would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation marks omitted).  A claim is facially plausible when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although *pro se* complaints should be liberally construed, they must nonetheless allege factual allegations that "raise a right to relief above the speculative level."  *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).

4

We also review *de novo* a district court's determination that a defendant is entitled to immunity.  *Maughon v. Bibb Cnty.*, 160 F.3d 658, 660 (11th Cir. 1998) (per curiam).

A plaintiff is entitled to relief under 42 U.S.C. § 1983 if he can prove that a person acting under color of state law deprived him of a federal right.  *Almand v. DeKalb Cnty.*, 103 F.3d 1510, 1513 (11th Cir. 1997).  To state a § 1983 claim for malicious prosecution, the plaintiff must show that (1) the defendant instituted or continued a criminal prosecution (2) with malice and without probable cause (3) that terminated in the plaintiff's favor and (4) caused damage to the plaintiff. *Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008).  The reversal of a conviction on appeal, standing alone, does not support the inference that a prosecution was initiated absent probable cause.  *See Kelly v. Serna*, 87 F.3d 1235, 1241 (11th Cir. 1996) (noting the "substantial difference between the quantum of proof necessary to constitute sufficient evidence to support a conviction and that necessary to establish probable cause").

Prosecutors are absolutely immune from liability for damages for activities that are "intimately associated with the judicial phase of the criminal process," such as the initiation of prosecution and the presentation of the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128

(1976). Prosecutors have absolute immunity even when filing charges without jurisdiction. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (per curiam).

Qualified immunity shields government officials performing discretionary functions from liability in their individual capacities unless their conduct violated clearly established statutory or constitutional rights. *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007). Police officers receive qualified immunity from false-arrest claims if they had arguable probable cause to make the arrest. *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). An officer has arguable probable cause if a reasonable officer in the same circumstances with the same knowledge could have believed he or she had probable cause to arrest. *Id.* Probable cause to arrest exists when a prudent person would believe, under the circumstances, "that the suspect has committed, is committing, or is about to commit an offense." *Morris v. Town of Lexington*, 748 F.3d 1316, 1324 (11th Cir. 2014) (quotation marks omitted).

Having reviewed the record before the District Court when it made the challenged ruling, we conclude that Davis's complaint was due to be dismissed. The complaint failed to state a claim for either false arrest or malicious prosecution because it did not allege facts suggesting that Davis was arrested or prosecuted with malice and without probable cause. The complaint did not dispute that the officers had probable cause to believe Davis had committed a crime. Likewise, it

6

did not allege any facts plausibly suggesting that the prosecutors had an improper motive for prosecuting him in the incorrect venue.

Not only did the complaint fail to state a claim for relief, but its allegations also demonstrated that Davis's claims were barred by immunity. The prosecutors acted in their roles as prosecutors by initiating and prosecuting Davis's case. Because the complaint did not allege, much less suggest, that the officers lacked arguable probable cause to arrest him, qualified immunity bars his claims against them as well.

Accordingly, the judgment of the District Court is AFFIRMED.